# HENRY LOWE

## *v.*

## HENRY FOULKE *et al.*

*·Filed at Ottawa May 12, 1882.*

1. PRACTICE IN THE SUPREME COURT—*entering proper judgment—in ejectment—after remittitur.* Where judgment in ejectment was erroneously rendered in favor of the plaintiff for an entire tract of land, the proof showing title to an undivided part of the premises in another person not a party, whose precise interest was not disclosed by the record, it was *held,* that this court could not, on appeal, allow a *remittitur,* and render final judgment for the recovery of the plaintiff's interest, for the reasons that the outstanding interest was not made certain, and because the defendant was entitled to a new trial under the statute at any time within a year from the date of the judgment below, on payment of the costs.

2. NEW TRIAL—*in ejectment—under the statute—applies only to the trial courts.* The statute giving the unsuccessful party in an action of ejectment a right to take a new trial within one year after judgment, by paying the costs, applies only to judgments in the circuit court, 'and does not authorize the vacation of a final judgment in such a suit in this court.

3. PRESUMPTION—*as to death of a person.* Where it is shown that a person was living some years before the trial of a suit, no presumption will arise, in the absence of proof, that he has since died.

APPEAL from the Circuit Court of Will county; the Hon. FRANCIS GOODSPEED, Judge, presiding.

Mr. THOMAS H. HUTCHINS, for the appellant.

Mr. D. H. PINNEY, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is clear the present judgment can not stand. The action is ejectment, and purports to have been brought by all the heirs at law of Joseph Foulke, deceased, against Thomas Martin and Henry Lowe, to recover an eighty-acre tract of land, described in the declaration. Plaintiffs claim, by the pleadings, the fee simple title to the premises as heirs at law

of the decedent, and on the trial recovered a judgment for the entire tract. From that judgment Henry Lowe has appealed to this court. Martin, the other defendant, being his tenant, and claiming no title to the land, defends no farther.

Should it be conceded the proof shows the title to the premises was in the ancestor of plaintiffs, it appears they have recovered more than belongs to them. One of the devisees,—that is, Mary F. Stone, a daughter of the testator, and wife of Henry A. Stone,—died after the death of the testator, leaving three children, only two of whom were living when this suit was brought. The record is silent as to whether Henry A. Stone, husband of Mary, is still living. It appears he was living at the time of the making of the will, because the testator refers to his daughter Mary as the wife of Henry A. Stone. In the same paragraph he refers to his daughter Sarah as widow of Peter Smith. Had Mary been a widow then, no doubt the testator would have referred to the fact, as he did in relation to his other daughter. In the absence of proof, no presumption will be indulged that he has since died. He would, if living, be an heir to his deceased child with his other children, and may be he would be a tenant by the curtesy of the lands of his wife, and entitled to a life estate in the same. But in regard to the latter estate the evidence in the record is not full enough to enable the court to determine. At all events, if living, Henry A. Stone has some interest in the premises. He is not a co-plaintiff, and yet the present plaintiffs have recovered judgment for the entire property. The error in the finding of the court in this regard is fatal to the present judgment.

Counsel for plaintiffs asks to be permitted to enter a *remittitur* in this court as to the interest of Henry A. Stone in the property. Two objections stand in the way,—first, the evidence does not disclose definitely what interest he has in the premises; and second, under the statute of this State a defendant in ejectment, on paying the costs of suit at any

time within a year from the date of the first trial, may have a second trial of the case without assigning any reason for it. Should final judgment be entered in this court, such as it might be thought the circuit court should have rendered on the evidence, the anomalous condition would appear of a final judgment in this court standing unvacated, and yet the case being tried *de novo* in the circuit court, where a different judgment might be rendered. This ought not to be. It is the judgment of the circuit court defendant may have vacated under the statute, and not an original and different judgment in this court. The statute has not provided he may have an original judgment of this court vacated, as the judgment of the circuit court in ejectment may be. There does not appear by the record to have been but one trial of the case in the circuit court, and that was on the 4th day of October, 1881. So there still remains time in which defendant can pay the costs, and take a new trial in the circuit court, under the statute.

No opinion will now be expressed touching the validity of the tax title set up as a defence to the action. The view taken renders that discussion unnecessary at the present time.

On account of the error indicated, the judgment of the circuit court will be reversed and the cause remanded.

*Judgment reversed.*