James M. Strean *et al.*

*v.*

Mary Louise Lloyd *et al.*

*Filed at Ottawa May 16, 1889.*

1. Ejectment—*attorney's authority—to institute and prosecute the suit.* Under the statute, any written recognition of the attorney's authority to commence an action of ejectment, duly proved as therein provided, is made presumptive evidence of such authority at the time the suit was brought.

2. Where a written recognition of an attorney's right to prosecute an action of ejectment for lands situate in one county, inserts the name of another county as the place where the suit is to be prosecuted, the naming of the wrong county will be regarded as a clerical error, and will be rejected as meaningless. Authority to prosecute such a suit necessarily implies authority to prosecute it in the county where the land lies.

2. Same—*amendment of declaration—in ejectment.* The circuit court has authority, under section 23 of the Practice act, to allow the plaintiff in ejectment to amend the declaration by changing the parties and correcting the description of the land sued for.

4. Same—*sufficiency of evidence—as to extent of recovery.* Proof of title in A and B, and a conveyance from B to C, and a deed of trust from C to D, and his death, leaving the plaintiffs his only heirs, will not sustain a judgment in ejectment in favor of the plaintiffs for the entire interest in the land. At most, such evidence shows a right of recovery only of the undivided half of the land.

5. Same—*remittitur in Supreme Court—and entry of judgment for the proper quantity.* Where judgment is rendered on the first trial in an action of ejectment for a tract of land, on proof of title to only an undivided half in the plaintiff, this court will not allow the plaintiff to enter a *remittitur*, and take judgment for the undivided half of the land.

6. Appeals—*reviewing facts—in ejectment.* On an appeal in an action of ejectment, this court must review questions of fact as well as of law, when properly presented.

7. Law and fact—*as to effect of a deed.* The effect of a deed is a question of law for the court; but whether there is an instrument purporting to be a deed conveying a particular tract of land, is a question of fact.

APPEAL from the Circuit Court of Iroquois county; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. KAY & EUANS, for the appellants:

The true question was, whether the attorney had authority to commence the suit, and not whether the plaintiffs afterward approved of what had been done. *Frye* v. *Calhoun County,* 14 Ill. 132; *Kankakee* v. *Railroad Co.* 115 id. 90; 11 id. 488; Weeks on Attorneys at Law, p. 351, sec. 200.

The court erred in allowing the amendment of the declaration bringing new parties and describing different lands; also in giving judgment of the whole premises in fee to the heirs of Walker. *Lowe* v. *Foulke,* 103 Ill. 59.

Mr. WILLIAM J. AMMEN, and Mr. GEORGE F. HARDING, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was ejectment, in the circuit court of Iroquois county, by Mary Louise Lloyd, Josephine Walker and Carrie Walker, for the recovery of the north-west quarter and the west half of the south-west quarter of section 27, in township 25 north, range 12, east of the third principal meridian, in Iroquois county. Judgment was rendered for the plaintiffs, for the lands described, in fee, and the defendants appeal to this court.

It is objected that the court below erred in not dismissing the suit, because the plaintiffs' attorney failed, in response to a rule of court laid upon him to that effect, to produce authority for commencing the action in the name of the plaintiffs therein. Under the statute, any written recognition of the authority to commence the suit, duly proved as therein provided, shall be sufficient presumptive evidence of such authority. (Rev. Stat. 1874, p. 445, sec. 16.) There was, here, produced such written recognition of authority, and there was nothing to disprove the effect thus given it by the statute. It

is not, as counsel seem to suppose, evidence merely that there was authority, when that recognition in writing was executed, to prosecute the suit, but the statute makes it presumptive evidence that authority existed to commence the suit at the time it was commenced. The name of the county of Cook is inserted as the place where suit is to be prosecuted; but this is evidently a mere clerical error. Suit could only be commenced in the county where the land lies,—in Iroquois county, —and authority to prosecute the suit necessarily implies authority to prosecute it there. The words, "Cook county," should be rejected as repugnant and meaningless.

We are also of opinion that the objection urged on account of the court allowing the plaintiffs to amend the declaration by changing parties and correcting the description of the land sued for, is untenable. The amendments made were clearly within the power conferred upon the court by section 23 of the Practice act. Rev. Stat. 1874, p. 778.

It is unnecessary to consider other question of law presented by objections discussed in the printed arguments before us, since they may not arise upon the second trial of the case.

The judgment below must be reversed, because it is not sustained by the evidence. Plaintiffs proved *prima facie* title in James W. Gaff and Thomas Gaff, then conveyance of one undivided half by Thomas Gaff and wife to George K. Clark, and finally deed of trust by George K. Clark and wife to Sidney P. Walker, as whose heirs-at-law these plaintiffs sue. They show no other title to the land. This is not determined merely by weighing the evidence and ascertaining where, in our opinion, is the preponderance. It is the only case which plaintiffs' evidence tends to establish. In any view, therefore, all that these plaintiffs were entitled to recover is the undivided half of the lands described in the declaration.

But it is suggested that inasmuch as this case was tried by the court, by agreement of the parties, without the intervention of a jury, and no propositions of law were submitted to

be held, the sufficiency of the evidence to sustain the judgment is not before us. We can not concur in this view. This case comes directly to this court from the trial court, and so we must review questions of fact as well as questions of law, when properly presented. The effect of a deed is a question of law, but whether there is an instrument purporting to be a deed conveying a particular tract of land, is a question of fact; and it is a fact that the deed in trust to Sidney P. Walker only purports to convey an undivided half of the land, and hence the evidence fails to sustain the judgment.

Counsel for appellees, however, ask leave to enter a *remittitur* in this court as to the one undivided half of the land; but this appeal being from a judgment rendered on the first trial in an action of ejectment, we have held that is not admissible. *Lowe* v. *Foulke,* 103 Ill. 58.

The judgment is reversed, and the cause is remanded to the court below for a new trial.

*Judgment reversed.*