JACOB GLOS *et al.*

*v.*

SHERMAN C. SPITZER.

*Opinion filed February 21, 1907—Rehearing denied April 3, 1907.*

1. EJECTMENT—*plea of not guilty does not put in issue defendant's possession and title.* In ejectment, the plea of not guilty does not put in issue the possession of the premises by the defendant or that he claims title or interest in the premises, and if there is no other plea the plaintiff need not prove such facts.

2. SAME—*defendant's possession and interest should be put in issue by verified plea.* A defendant in ejectment who desires to put in issue the question of his possession of the premises or his claim of title or interest therein should do so by special verified plea.

3. SAME—*form of an action is the same whether premises are in possession or vacant.* Under the Illinois statute the form of the action of ejectment is the same whether the suit is brought to recover lands in possession or lands vacant and unoccupied, and a plea denying possession or demand does not put in issue the question of a claim of title or interest in the premises.

4. SAME—*when question of title or interest is put in issue by a rejoinder.* Where the plaintiff in ejectment, by his replication to the defendant's sworn plea denying demand or possession, admits such facts but avers further that the defendant claims some title or interest in the premises, a rejoinder which denies any claim of title or interest puts that question in issue and testimony upon that question should be heard.

APPEAL from the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel, and for Emma J. Glos.)

JOHN S. BROWN, for appellee:

There is but one form of declaration in ejectment, and that is prescribed by statute. Ejectment act, sec. 11; *South Park Comrs.* v. *Gavin,* 139 Ill. 280; *Dickerson* v. *Hendryx,* 88 id. 68.

Title or interest in defendant is not in issue unless defendant denies title in a special verified plea. Ejectment act, secs. 21, 22; *South Park Comrs.* v. *Gavin,* 139 Ill. 280; *Dickerson* v. *Hendryx,* 88 id. 68.

It is not sufficient to set up such defense by a rejoinder, because a rejoinder is not a plea. 1 Chitty's Pl. 440, 651; *Jones* v. *McNeil,* 1 Hill's L. 84; Bouvier's Law Dict.; Anderson's Law Dict.

A plea in ejectment denying possession raises an immaterial issue where the defendant is sued because he claims title or interest. *South Park Comrs.* v. *Gavin,* 139 Ill. 280; *Dickerson* v. *Hendryx,* 88 id. 68.

Even a re-pleader will not be awarded on an immaterial issue. 1 Chitty's Pl. (14th Am. ed.) 655.

Where a defendant is sued in ejectment because he claims title or interest, a plea denying possession does not go to the whole declaration. *South Park Comrs.* v. *Gavin,* 139 Ill. 280; *Dickerson* v. *Hendryx,* 88 id. 66.

A plaintiff in ejectment makes out a *prima facie* case by introducing his deed and proving possession in him or his grantor. *Harrell* v. *Bank,* 183 Ill. 541; *Anderson* v. *McCormick,* 129 id. 308; *Harland* v. *Eastman,* 119 id. 22; *Keith* v. *Keith,* 104 id. 397.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an action of ejectment begun in the circuit court of Cook county against Anton Schlatt, Jacob Glos, Emma J. Glos, Henry L. Glos and Lucy M. Glos, to recover lots 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43 and 44 in Winter's re-subdivision of the south half of block 60 in the Chicago University subdivision, in the north half of section 7, township 38, north, range 14, east of the third principal meridian, in Chicago, Cook county, Illinois, which the plaintiff claims in fee. Pending the suit Henry L. Glos died, leaving Lucy M. Glos his widow and sole devisee, and she, as such, was substituted as a party defendant. Defend-

ant Anton Schlatt, who was in the possession of the premises described in the declaration, was defaulted. The other defendants pleaded not guilty, also two special pleas verified by affidavit. The first special plea alleged that no demand was made on them for the possession of the premises before suit was brought. The second denied that they were in the possession of the premises described in the declaration, or any part thereof, at the time of the commencement of the suit. To the pleas of not guilty plaintiff filed a *similiter.* To the first special plea plaintiff replied that before and at the commencement of the suit defendant Anton Schlatt was in the possession of the premises and that plaintiff made demand on him for the possession thereof, which was refused, and that the other defendants claim some title or interest in or to the said premises. Similar replications were filed to the second special plea. To the replication to the first special plea defendant Jacob Glos rejoined that defendant Anton Schlatt was not in possession of the premises at the commencement of the suit, and that if he did occupy them, as alleged in the declaration, he did not occupy them under the defendant Jacob Glos, and such possession of Anton Schlatt was not the possession of said defendant. To the replication to the second special plea defendant Jacob Glos rejoined that said premises were not occupied at the commencement of the suit. Each of said rejoinders concluded with an averment that the defendant Jacob Glos did not claim any interest in or title to said premises, and were subscribed and sworn to by defendant Jacob Glos. The rejoinders of the other defendants were substantially the same as those of Jacob Glos, except that they contained no averment that said defendants claimed no title to or interest in the said premises, and do not appear to have been sworn to. All of said rejoinders concluded to the country, and issue was joined by plaintiff filing a *similiter.* A trial was had by jury, and at the conclusion of the evidence the court directed the jury to return a verdict for plaintiff, which was done ac-

cordingly. Defendants moved for a new trial and in arrest
of judgment, both of which motions were overruled and
judgment rendered on the verdict, from which judgment
this appeal is prosecuted.

On the trial there was no effort made by defendants, or
any of them, to defeat the plaintiff's title by proving title
in themselves or someone else.

One of the errors assigned is, that the evidence is in-
sufficient to support the verdict of the jury and judgment
of the court that appellee was seized of an estate in fee sim-
ple in the premises, but we are of opinion that this error is
not well assigned. The proof justified the verdict and judg-
ment in this regard.

During the progress of the trial Jacob Glos was sworn
as a witness, and offered to testify that at the time suit was
brought he claimed no right, title or interest in the premises,
and has not since that time, and does not now, claim any
title or interest therein. On objection of appellee the court
refused to hear this testimony. This is the principal ground
urged in favor of a reversal of the judgment. It is con-
tended that Jacob Glos having by his rejoinders disclaimed
any title or interest in the premises, it was erroneous for
the court to refuse to hear this testimony and render judg-
ment against him for costs.

In an action of ejectment the plea of not guilty does not
put in issue the possession of the premises by the defendant
or that he claims title or interest therein, and where there is
no other plea than that of not guilty it is not necessary for
plaintiff to prove possession in defendant or that he claims
title or interest in the premises. If the defendant desires to
put in issue the question of his possession of the premises
or his claim of title or interest therein he must do so by
special pleas verified by affidavit. (Hurd's Stat. 1905, chap.
45, secs. 21, 22.) It will be observed from the substance of
the pleas hereinbefore set out, that they did not put in issue
defendants' claim of title to or interest in the lands described

in the declaration. The only issues made by the special pleas verified by the defendants were those of demand and of possession. By his replications to these special pleas, plaintiff, after averring that defendant Anton Schlatt was the sole occupant of the premises and that demand was made on him for the possession thereof, alleged that defendants claimed some title to or interest in said premises. To this replication Jacob Glos rejoined, as we have above shown, that he did not claim any title to or interest in said premises, and verified said rejoinder by his affidavit.

It is contended by appellee that the averment in his replications to the special pleas of defendants that they claimed some title to or interest in the said premises was surplusage, and that this question could not be made an issue by the rejoinder of Jacob Glos, under oath, denying any claim of title or interest. It was unnecessary pleading for appellee to have included this matter in his replication. The declaration contained all the averments necessary to a declaration in ejectment. Under our statute the form of declaration is the same whether the suit is brought to recover lands in the possession of a defendant or premises that are vacant and unoccupied, and a plea denying possession or demand for possession does not put in issue a claim of title or interest in the defendant. If, as in this case, it is conceded that certain defendants were not in possession and no demand had been made on them therefor, and pleas raising these issues are unanswered, it would not affect the plaintiff's right to recover against the defendants as claiming title or interest in the premises. But when, as here, the plaintiff replies to such special pleas admitting that the defendants pleading them were not in possession of the premises and that no demand had been made upon them therefor, but averring that such defendants were sued because they claimed some interest in or title to the said premises, a rejoinder denying such claim of interest or title, verified by affidavit, we think puts this question in issue.

We are referred to no precedent where this precise question has been passed upon. The nearest approach to it is *South Park Comrs.* v. *Gavin,* 139 Ill. 280. In that case Maria E. Gavin brought an ejectment suit against Thomas Cross and the South Park Commissioners. Cross was defaulted. The South Park Commissioners filed a special verified plea denying possession. A demurrer to this plea was overruled, and plaintiff replied that the premises were in the actual occupancy of Cross and that the South Park Commissioners claimed some title or interest therein. Defendant demurred to this replication, but the replication was held good and the demurrer overruled. No rejoinder appears to have been filed to the replication. The South Park Commissioners did, in fact, claim an interest in the premises. On page 288 of the opinion in that case it is said: "The provision of this section [section 22 of the chapter on Ejectment] relative to proof of claim to title or interest therein at the time of beginning suit is a new provision, and dispenses with proof by the plaintiff of either claim of title or interest by the defendant, unless denied by special plea, verified by affidavit." It will be observed that in the *Gavin case, supra,* the replication to the special pleas was similar to those in the case at bar. We are of opinion that under the pleadings the question of title or interest in Jacob Glos was put in issue by his rejoinder, and the testimony offered upon that issue should have been heard by the court.

While some other errors are assigned and argued by counsel, we find none that would justify a reversal of this case except the one mentioned, and that applies only to appellant Jacob Glos. The other appellants are in no position to urge a reversal on the grounds mentioned, for they did not raise that question in the trial court.

The judgment will be reversed for the error referred to and the cause remanded.        *Reversed and remanded.*