SHERMAN C. SPITZER, Appellee, vs. ANTON SCHLATT et al.
Appellants.

*Opinion filed February 25, 1911—Rehearing denied April 6, 1911.*

1. PRACTICE—*what is "good and sufficient cause" for trying a case out of its order is for the court.* What is "good and sufficient cause" for trying a case out of the order in which it is docketed is not defined by the statute but must be determined by the trial court, in the first instance, in the exercise of a sound legal discretion, which will be presumed by a court of review to have been properly exercised in the absence of a showing to the contrary.

2. SAME—*what is not a sufficient showing that court abused its discretion in trying case out of order.* An abuse of the trial court's discretion in trying a case out of its order is not established by an affidavit showing that the case was advanced over several hundred cases but which fails to show that the defendants were not as well prepared to try the case then as though it had been tried later, the only argument being that they might have obtained a compromise if the case had not been tried until it was reached in regular order.

3. EJECTMENT—*statute concerning new trial upon payment of costs applies only to trial court.* The statute which provides for the vacation of judgments in ejectment cases upon payment of the costs applies only to the trial court and has no reference to judgments rendered by the Supreme Court.

4. RES JUDICATA—*rule that party cannot assign successive errors on same record applies to ejectment suits.* The rule that a party who fails to assign an error existing in the record at the time a first appeal is taken is estopped to assign such error upon a second appeal on the same record applies to ejectment suits.

5. SAME—*when judgment of Supreme Court is res judicata on the second appeal in ejectment.* Where the Supreme Court, in its opinion, on an appeal from a judgment in ejectment on a directed verdict for the plaintiff, finds there are no errors justifying a re-versal but one, which was eliminated on the second trial of the case on the same pleadings and evidence, resulting in a like directed verdict and judgment, the judgment on the first appeal is conclusive against all errors assigned or which might have been assigned on the first appeal, including the directing of the verdict. (*Ogden* v. *Larrabee,* 70 Ill. 510, and *Smyth* v. *Neff,* 123 id. 310, followed.)

6. SAME—*when former judgment cannot be held conclusive of sufficiency of affidavit.* The sufficiency of an affidavit for the introduction of secondary evidence of deeds in a new trial of an eject-

ment case cannot be held to be settled by the judgment on appeal in the former suit, where there is nothing from which it can be determined whether the language of the affidavit used on the last trial was the same as that of the one used on the first trial.

7. AFFIDAVITS—*when affidavit for secondary evidence is in substantial compliance with statute.* An affidavit for the introduction of secondary evidence of a deed, which states, among other things, that the instruments he desires to use are "not in the power of affiant to produce and use on the trial of the above entitled cause," is in substantial compliance with that portion of section 36 of the Conveyance act requiring a statement that the instrument is "not in the power of the party wishing to use it on the trial of any such cause." (*Nixon* v. *Cobleigh,* 52 Ill. 387, followed.)

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

JOHN R. O'CONNOR, for appellants Emma J. Glos and Lucy M. Glos.

JOHN S. BROWN, for appellee.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

This is an action of ejectment commenced in the circuit court of Cook county July 27, 1903, by Sherman C. Spitzer against Anton Schlatt, Emma J. Glos, Henry L. Glos and Jacob Glos to recover possession of eighteen lots in Winters' re-subdivision of the south half of block 60 in the Chicago University subdivision of the north half of section 7, township 38, north, range 14, east of the third principal meridian, in the city of Chicago, Illinois. After the commencement of the suit Henry L. Glos died, leaving Lucy M. Glos his widow and sole devisee. The death of Henry L. Glos was suggested, and by amendment Lucy M. Glos, as devisee, was substituted as a defendant. After the issues were made up a trial was had before a jury, resulting in a verdict, by direction of the court, in favor of plaintiff. From a judgment rendered in accordance with this verdict the defendants prosecuted an appeal to this court, where the

judgment of the trial court was reversed and the cause remanded for a new trial. The former decision of this court is reported as *Glos* v. *Spitzer,* 226 Ill. 82. By reference to our former opinion it will be seen that the judgment was reversed solely because the court erred in refusing to permit Jacob Glos to prove that he had no title or interest, or claim of title or interest, in the premises in controversy. In concluding the opinion in that case, on page 87, this court said: "While some other errors are assigned and argued by counsel, we find none that would justify a reversal of this case except the one mentioned, and that applies only to appellant Jacob Glos. The other appellants are in no position to urge a reversal on the grounds mentioned, for they did not raise that question in the trial court." After the cause was re-instated in the trial court the suit was dismissed as to Jacob Glos and a second trial was had upon the same pleadings and issues that were in the first, except the dismissal as to Jacob Glos eliminated the question in respect to which the evidence was offered and excluded on the first trial, which resulted in the reversal of the judgment by this court. The second trial, which was had on March 29, 1909, resulted in another verdict for plaintiff below by direction of the court. On March 24, 1910, that judgment was vacated upon payment of costs and a new trial under the statute was ordered. Thereafter, on April 2, 1910, the court set the cause down for hearing on May 16 following, over the objections of all defendants except Anton Schlatt. On June 21 the cause was reached and tried before a jury upon the same pleadings and evidence as the other two trials and resulted in a verdict being directed for the plaintiff, upon which the judgment was rendered from which the present appeal is prosecuted. All of the defendants below except Anton Schlatt joined in the present appeal.

Appellants assign and argue numerous errors upon the present record, but it will not be necessary, in the view that we take of the case, to consider each of them separately.

Appellants' first contention is that the court erred in setting the case down for trial out of its regular order. Appellants' contention is, that after the new trial under the statute was granted the case stood as though it was a new case commenced on that day, and was not, therefore, subject to call until all of the cases then pending had been called for trial. Appellants' attorney filed an affidavit in support of the objection to the order setting the cause for trial on May 16 which is embodied in the bill of exceptions taken at that time. The rules of court are also in the bill of exceptions regulating the order in which cases are to be docketed and tried in the circuit court of Cook county. The affidavit filed in support of appellants' objection shows the number of cases that were then pending for trial on Judge Scanlan's calendar which were subject to call in regular order before the case at bar would be reached. From the affidavit it appears that there were about seven hundred and fifty cases then pending for hearing on Judge Scanlan's calendar. There is nothing in the affidavit showing that appellants were not as well prepared to try the case at the time it was set down for hearing as they would have been at any later date, and the only reason assigned in appellants' brief for delaying the trial of the case is, that they might have obtained a compromise if the case had been placed at the foot of the calendar and not tried until it was reached in regular order. The statute provides that "all causes shall be tried, or otherwise disposed of, in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct." (Hurd's Stat. 1909, chap. 110, sec. 21.) What is "good and sufficient cause" is not defined by the statute and must therefore be determined by the trial court, in the first instance, in the exercise of a sound legal discretion. (*Morrison* v. *Hedenberg,* 138 Ill. 22; *Staunton Coal Co.* v. *Menk,* 197 id. 369; *Richardson Fueling Co.* v. *Seymour,* 235 id. 319.) In *Staunton Coal Co.* v. *Menk, supra,* on page 373, it was said: "The statute

does not determine what shall constitute sufficient cause for trying a case out of its order on the docket, but that is a matter to be determined by the court in the exercise of a sound legal discretion. When the court so exercises its discretion in the matter, its action will not be interfered with by a reviewing court unless there has been a clear abuse of its discretion,"—citing cases. The case at bar, as already stated, was commenced in 1903, and had been pending, either in the circuit or Supreme Court, for about seven years. It had been tried on two previous occasions. Appellants had had ample time to prepare and present any meritorious defense they had. The only defense that appellants pretended to have is based upon tax deeds which are invalid. The trial court had the power, under the statute, to try the case out of its regular order for good and sufficient cause. The record does not show specifically what the court regarded as sufficient cause for trying the case out of its regular order, but the bill of exceptions contains a statement by the court in reference to the length of time that the case had been pending, and the court was probably influenced by that fact in setting the case down for a speedy trial. But it is not necessary that the records should show the reasons upon which the trial judge exercised his discretion. In the absence of a showing to the contrary, the presumption will be indulged that the court properly exercised its discretion. (*Smith* v. *Third Nat. Bank of St. Louis,* 79 Ill. 118.) There was no error committed in trying this cause out of its regular order.

Appellants have argued all of the assignments of error apparently upon the supposition that they are open for reconsideration upon this hearing of the appeal. Such is not the law. In *Ogden* v. *Larrabee,* 70 Ill. 510, this court, on pages 512 and 513, laid down the rule in the following language: "There ought to be an end to all litigation, and if the doctrine insisted upon should be adopted and the parties permitted to assign successive errors on the same rec-

ord, in complicated litigation like this no conclusive decision
could be rendered in the lifetime of the parties interested.
\* \* \* The error complained of existed in the former
record. The party had an opportunity then to assign it and
direct the attention of the court to it, but having failed to
do so he ought to be estopped, upon every principle of jus-
tice, from alleging, at any future period, error in the same
record. Had error intervened prior to the former adjudi-
cation it was his duty to assign it, otherwise he will be
deemed to have waived it forever. He will not be permit-
ted to have his cause heard partly at one time and the resi-
due at another."

The rule announced in the above authority is applicable
to cases of ejectment as well as to all other cases in this
court. The statute which provides for the vacation of judg-
ments in ejectment cases upon the payment of costs ap-
plies only to the trial court and has no reference to judg-
ments rendered by this court. A rehearing will not be
granted by this court in an ejectment suit as a matter of
right, upon the payment of costs. In *Smyth* v. *Neff,* 123
Ill. 310, which was an appeal from a judgment in eject-
ment, this court, on pages 313 and 314, said: "It appears
from the bill of exceptions in this case, the evidence in the
present record is precisely the same as in the former rec-
ord, except in two particulars. \* \* \* Concerning the
points considered by the court in its former opinion the dis-
cussion must now be regarded as forever closed and the
decision adverse to the defendant must stand. All those
matters are now *res judicata,* and this court has neither
rightful authority nor any inclination to reconsider them.
\* \* \* The additional parol testimony found in the pres-
ent record as to the service of the notice on defendant as
to the time of redemption is a matter of no consequence.
It does not change the case in the slightest degree, in that
respect, from what it was in the former record. Precisely
the same error, if any, existed in the affidavit itself and in

the proof of service of notice in the former record as now insisted upon. It does not appear from the opinion of the court that any objection was then taken either to the sufficiency of the affidavit made to procure the deed or to the proof of service of notice. The objection now urged goes to the validity of the deed, and if the same points were raised by the former argument of the case they must have been decided adversely to defendant, for the court was of opinion the 'objections made against the tax deed were not sufficient to invalidate it and that it should have been held good.' So in either event, whether objections were taken to the sufficiency of the affidavit made to procure the deed or as to the proof of service of notice of redemption, such objections cannot now be entertained. To permit that to be done would simply be to reconsider the case upon exactly the same record. That is not allowable under any practice that has ever obtained in this State. Should the errors now alleged to exist be held to be well assigned it would place this court in the absurd position of holding the tax deed good at one term of court and at a succeeding term holding it bad upon the same identical record. This court will not even enter upon the consideration of a case where such results might follow. In all such cases the rule *stare decisis* should be observed." See, also, *Hammond* v. *Carter,* 161 Ill. 621, *Bradley* v. *Lightcap,* 201 id. 511, and *Weigel* v. *Green,* 221 id. 187.

The above were all ejectment cases, and the rule announced in *Ogden* v. *Larrabee* and *Smyth* v. *Neff* was adhered to. In *Bradley* v. *Lightcap,* on page 514, this court said: "The decision at that time settled every question which might have been raised and every objection which might have been made, whether then raised and made or not. The doctrine of *res judicata* embraces not only what has been actually determined in a former suit, but also extends to any other matter which might have been raised and determined in it."

Appellee made an affidavit, under section 36 of chapter 30 of Hurd's Statutes, that certain deeds and other documents which he desired to introduce in support of his claim of title were "not in the power of affiant to produce and use on the trial" for the purpose of laying the foundation for the introduction of secondary evidence. Appellants objected to such secondary evidence for the reason that the affidavit was insufficient. Since we have no means at hand of determining whether the affidavit used on the last trial was in the same language as the one used on the first trial we do not regard the former judgment as conclusive of this question. The criticism appellants make upon the affidavit is, that it does not literally follow the language of the statute. The language of the statute is, that the instrument is "not in the power of the party wishing to use it on the trial of any such cause." The language of the affidavit is, that the documents referred to are "not in the power of affiant to produce and use on the trial of the above entitled cause." Appellants' contention is, that the words "to produce and use on the trial of the above entitled cause" render the affidavit insufficient. Appellants say in their brief that the precise question here raised was passed upon by this court in *Nixon* v. *Cobleigh,* 52 Ill. 387. If appellants are correct in the above statement,—and we think they are,—the case cited settles the question contrary to the contention of appellants. The affidavit in the *Nixon case* was held by this court to be in substantial compliance with the statute. Another objection is made to this affidavit but it is wholly without merit.

Other assignments of error which have been argued by appellants are, that it was error for the court to instruct the jury to return a verdict for appellee; that the court erred in refusing to compel appellee to reimburse appellants for the amount paid by them for their tax titles, and that ejectment was not the proper remedy for appellee. All of these questions were, or might have been, raised on the first ap-

peal. It is not disputed that appellee's evidence was the same on both trials. If it was error to direct a verdict on the last trial it was also error to direct a verdict on the first trial upon the same evidence.

Finding no error in the record the judgment of the circuit court of Cook county will be affirmed.

*Judgment affirmed.*