(No. 12568.—Judgment affirmed.)

MABEL HARTZELL RANDOLPH, Appellee, *vs.* JOHN HINCK, Appellant.

*Opinion filed April 15, 1919—Rehearing denied June 5, 1919.*

1. EJECTMENT—*right to new trial is confined to trial court—res judicata.* Under section 35 of the Ejectment act the parties are allowed a new trial in the circuit court as a matter of right if they comply with the provisions of the statute; but this right is confined to the trial court, and upon second appeal to the Supreme Court the doctrine of *res judicata* applies and every question or objection which might have been raised or made in the former appeal is settled.

2. SAME—*only legal title is involved in ejectment—trusts.* In ejectment proceedings only the legal title is involved, and it is not competent, for the purpose of establishing a trust, to show who paid the consideration.

3. SAME—*equitable title is no bar to recovery in ejectment.* An equitable title forms no bar to recovery in ejectment, and even in the case of a naked trust the law is so insistent upon the legal title being sustained that it enables the trustee to recover in ejectment against the *cestui que trust.*

4. SAME—*defendant who is a trespasser cannot set up title in third person.* Where the defendant does not claim any record title to the property but only claims that the land was unoccupied at the time of his entry he occupies the position of a trespasser and cannot set up an outstanding title in a third person for the purpose of defeating the plaintiff's claim of title.

5. TRUSTS—*a trustee may convey legal title by sale or devise.* Under the common law the legal estate in the hands of a trustee possesses the same properties and incidents as if he were the absolute owner, and he may sell or devise the property, and the legal title will pass to the grantee whether the conveyance is rightly made or made in violation of the trust.

APPEAL from the Circuit Court of Randolph county; the Hon. J. F. GILLHAM, Judge, presiding.

J. FRED GILSTER, and EDWARD ROBB, for appellant.

H. CLAY HORNER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a suit in ejectment. The action was originally begun by appellee as a forcible entry and detainer suit, but an amended declaration was filed, and the court decided on the first hearing that the cause was one in ejectment. On the original trial in the circuit court judgment was rendered in favor of appellee, and an appeal was taken to this court, where the judgment was affirmed. (*Randolph* v. *Hinck,* 277 Ill. 11.) The appellant thereafter, under the provisions of the ejectment statute, made his motion for a new trial in the circuit court, which was allowed, and a second trial was had under the issues joined in the ejectment proceeding. Judgment was again entered in favor of appellee, and this appeal followed.

The facts with reference to the land here in controversy, as to its situation and surroundings and the claims of the parties thereto, are set forth quite fully in the opinion of this court in the former case and need not be here re-stated.

Counsel for appellant claim that the former suit was tried originally as if it were a forcible entry and detainer suit, and that much of the proof introduced on this hearing was not heard in the former proceeding. On the former hearing appellant based his claim almost wholly upon so-called "water rights" and admitted that the record title of the property was in appellee, while here counsel for appellant chiefly base their argument upon the claim that appellee has not shown a title justifying a recovery in ejectment proceedings. They claim, however, that on this proceeding there is a more complete showing as to the washing away of part of the land in controversy, and state that the suit formerly tried and submitted did not raise the question in the same way it is raised here. We cannot so hold. On the first trial the question as to the water rights in the land, largely based on the question of changes in the chan-

nel of the Mississippi river, and accretion, reliction and sub-
mergence with reference to the land affected, was gone into
thoroughly, and this court held that the land described and
conveyed in the chain of title was identical with the land
on this island, known as Hinck island, and could be iden-
tified and located by situation, extent and boundary from
the original survey. The additional evidence introduced on
this second hearing is largely of a cumulative nature, and
is not such as to materially change our views as to the
right to the land with reference to changes in the channel
by accretion, reliction or submergence. Under the statute,
in the circuit court the parties are allowed a new trial as
a matter of right if they comply with the provisions of said
statute, but this right is confined to the trial court. (*Lowe*
v. *Foulke,* 103 Ill. 58.) When a matter is brought to this
court, every question which might have been raised and
every objection which might have been made is settled,
even in ejectment cases. "The doctrine of *res judicata* em-
braces not only what has been actually determined in a for-
mer suit, but also extends to any other matter which might
have been raised and determined in it." (*Bradley* v. *Light-
cap,* 201 Ill. 511.) After a full review of the authorities
the same doctrine is laid down by this court in *Spitzer* v.
*Schlatt,* 249 Ill. 416. Under these authorities we think
there can be no question on this record that appellant is
bound by the former decision of this court with reference
to his so-called water rights in this land, and the argument
of counsel for appellee that appellant is so bound on the
question of the title is not without support in the decisions.
We will, however, take up the question of title as if we
were assuming that the decision in the former case does not
control here.

On the first hearing counsel for appellant stipulated that
the title was in appellee but refused to be bound by that
stipulation on the second trial, and counsel for appellee in-
troduced documents showing, as appellee argues, the rec-

ord title to be in her,—among other documents a deed from the master in chancery of Randolph county conveying this and other property to "William M. Runk, trustee;" also the will of Runk authorizing and empowering his trustees and executors, Evelyn T. B. Runk and A. Howard Ritter, "to sell any or all of my real estate at public or private sale upon such terms and conditions and for such price as they or the survivor of them may deem best, either in fee simple or for any less estate, and to make good and sufficient deed or deeds therefor,". etc.; also a deed from Ritter, executor of the estate of William M. Runk, conveying this and other property to William Hartzell. Appellee also made proof that Evelyn T. B. Runk, executrix and trustee of the will of William M. Runk, renounced her right to serve as executrix, and the deed from Ritter states that the deed was made by him alone, because said executrix and trustee under the will had renounced her right to act. The appellee also introduced the will of William Hartzell, by which he devised this property to his daughter, Mabel Hartzell, appellee herein. The documents offered in evidence by appellee tended to show a chain of title,—at least *prima facie,*—in appellee.

There was nothing in the deed from the master in chancery of Randolph county conveying this land to William M. Runk that in any way indicated the terms upon which Runk held the property as trustee, the deed merely stating that the land was conveyed to "William M. Runk, trustee." The will of Runk was executed in 1890. On the second hearing appellant introduced a document dated in 1887, executed by Runk, in the form of a declaration of trust, wherein he declared that this land conveyed to him in the master's deed was held by him in trust for certain persons, (naming them,) and to be conveyed by him or his executors, administrators and assigns when requested by such persons or their legal representatives. It is earnestly insisted by counsel for appellee that in this ejectment pro-

ceeding this declaration of trust, which apparently was obtained by counsel for appellant from the representatives of the Runk estate, cannot be considered as affecting the title; that a trustee such as Runk was under the master's deed is the absolute owner of the estate and exercises all the powers of ownership and that he may be treated by others as sole proprietor; while it is argued by counsel for appellant that the title which Runk held as trustee could not be devised by him.

The general rule is, that under the common law the legal estate in the hands of a trustee possesses precisely the same properties, characteristics and incidents as if the trustee were the absolute owner. The trustee may sell and devise it. (1 Perry on Trusts,—6th ed.—secs. 321-335, inclusive.) The principal question, as this author says, that here arises as to the power to devise is whether the words of the will were intended to embrace estates held by the testator in trust, and he further says (secs. 335, 336,) that a general devise of real estate will pass estates vested in the testator as trustee or mortgagee unless a contrary intention can be collected from the expressions of the will or from the purposes or limitations to which the devised lands are subjected. We think it is clear under this reasoning and under the wording of William M. Runk's will that he conveyed to his trustees all of his real estate of every character and did not intend to limit their power to sell any trust estate that he might have.. The master's deed of record in Randolph county conveyed to Runk, as trustee, the land in question, and under the doctrine laid down in Perry on Trusts, heretofore referred to, and the decisions therein cited, Runk had the power of devising the legal title to his trustees and did so devise it. In ejectment proceedings only the legal title is involved. It is not competent in such an action to show who paid the consideration money on the conveyance of the premises for the purpose of establishing a trust. (*Chiniquy* v. *Catholic Bishop of Chicago,* 41 Ill.

148.) An equitable title forms no bar to recovery in eject-
ment. (*Fischer* v. *Eslaman,* 68 Ill. 78.) Even in case of
a naked trust the law is so insistent upon the legal title be-
ing sustained that it enables the trustee to recover in eject-
ment against the *cestui que trust.* (*Reece* v. *Allen,* 5 Gilm.
236.) A deed by a trustee for land held in trust for the
use of another will pass the legal title to the grantee whether
it was rightly made or made in violation of the trust un-
der which the title was held. *Walton* v. *Follansbee,* 131 Ill.
147; *Chapin* v. *Billings,* 91 id. 539.

Counsel for appellant also insist that the deed from
Ritter to Hartzell, being executed by only one of the exec-
utors named in Runk's will, did not convey the title. Un-
der section 97 of our act on administration, (Hurd's Stat.
1917, p. 27,) passed in 1872, if an executor fails or refuses
to qualify the others may execute the power, thus making
it impossible, by failure or refusal to qualify, to prevent the
execution of the power by the remaining executors. (*Starr*
v. *Willoughby,* 218 Ill. 485.) Under the authorities the
legal title was certainly conveyed through the master's deed
to Runk, the will of Runk and the deed of one of his ex-
ecutors, to William Hartzell, the father of appellee. Even
if it be conceded for the purposes of this hearing that ap-
pellant could rightfully introduce the declaration of trust
signed by Runk and have the equitable title considered, as
shown by that declaration, on this hearing, we do not think
it would change the fact that the legal title was conveyed
to Hartzell, regardless of the provisions of the declara-
tion of trust; and, moreover, such declaration of trust was
not recorded in Randolph county before Hartzell purchased
this land, and there is nothing in the record indicating that
he knew anything about it.

The argument of counsel for appellant is to the effect
that under the declaration of trust offered by them it is
shown that the equitable title to this property must stand
in the name of the heirs and legatees of the beneficiaries

therein named, and appellant in no way claims title through any of these beneficiaries or any third person not connected with this litigation. Appellant does not claim any record title to this property but only claims that the land was vacant and unoccupied at the time of his entry, and that therefore he is entitled to it, first, because appellee has failed to prove title in herself; and second, because appellant has proved title in a third person. Appellant does not claim through or connect his title with the title of any third person in any way, and therefore, being a mere trespasser and without title, he cannot set up an outstanding title in another. *Casey* v. *Kimmel*, 181 Ill. 154; *Anderson* v. *Gray*, 134 id. 550; 9 R. C. L. 870.

The points already discussed in this opinion are the principal ones relied upon by counsel for appellant as to why the case should be reversed. They, however, do discuss other questions incidentally which they argue tend to show that there was a defect in appellee's chain of title as proved on the trial, among others, the question whether the patent from the government to the original owner of the land was sufficient to identify and convey the property; another, to the effect that the record shows that a trustee in the chain of title bought the land at his own sale; another, that the sale under a certain trust deed was made after the two years provided for in said deed; and another, that one of the plats of the property was not properly certified to. We deem it sufficient to say that we have considered all of these questions and do not think any of them should be sustained. We think the patent of the land as finally introduced in evidence satisfied the requirements of the law. We do not think that the record shows that the trustee bought at his own sale. The sale which is objected to as being made after the two years provided for in the trust deed was made more than fifty years ago and no one directly interested in the record title has objected. This point we deem without merit, as we do the one with ref-

erence to the plat not being properly certified. The conclusion necessarily follows that the trial court rightly entered a judgment in favor of appellee.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*