Wojciech Stejenka and Julianna Stejenka, Appellees,
v. National Beverage Company, Appellant.

. Gen. No. 28,184.

1. AFFIDAVITS—*when to be filed with master and not with clerk of court.* Affidavits offered pursuant to the Conveyances Act, Cahill's Ill. St. ch. 30, ¶ 37, providing that such affidavits are "to be filed in said cause," as a basis for the introduction in evidence of a copy of a plat of a city subdivision for the purpose of proving an abutting owner's fee title to one-half of an alley, in a proceeding to enjoin another abutter from obstructing such alley with an overhead bridge, are to be filed with the master in chancery and not in the office of the clerk of the court.

2. SAVING QUESTIONS FOR REVIEW—*failure to specify ground of objection as bar to review.* A defendant which failed to specify in an objection to the admission of affidavits that such affidavits were inadmissible because filed with the master in chancery and that they should have been filed with the clerk of the court, and which failed to specifically object to the master's report on that ground, cannot raise the question on appeal from the decree in such cause.

3. APPEAL AND ERROR—*failure to specify error as bar to review thereof.* An objection that affidavits filed with a master should have been filed with the clerk of the court is not reviewable on appeal in the absence of a specific assignment of error thereon.

4. HIGHWAYS AND STREETS—*when trespass on abutter's easement in alley properly enjoined.* It was not error to enjoin an adjoining abutting owner from maintaining an overhead bridge and conveyor across an alley where the undisputed evidence showed that complainants were the owners in fee of a portion of the alley over which such bridge crossed, and especially where it showed that they were directly and specially injured by such structure.

5. INJUNCTIONS—*when injunction and not ejectment proper remedy against trespass on abutting owner's easement in alley.* The remedy by injunction and not that by an action in ejectment is proper where an abutting owner's easements of light, air and view have been invaded by the construction of an overhead structure over the portion of the alley in which such abutter is the fee owner.

6. EQUITY—*mere delay by abutter in enjoining trespass not laches where not prejudicial.* Delay by an abutting owner for less than the statutory period of limitations before seeking to enjoin a trespass on complainant's rights in the fee of an alley by the construction of an overhead structure is not laches barring the right to relief where the trespasser was not misled by the abutting owner into building the structure which was not built in ignorance of the facts or in the belief that the trespasser had title to the alley, and where the trespasser did not change its position upon reliance on any act of the abutting owner.

7. PLEADING—*waiver of defense of laches by failure to plead.* The defense of laches in bringing suit to enjoin the maintenance of an overhead structure over a portion of an alley owned in fee by complainant, an abutting owner, is waived by failure to invoke the defense by demurrer, plea or answer.

Appeal by defendant from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1922. Affirmed. Opinion filed June 25, 1923.

Stejenka et al. v. National Beverage Co., 230 Ill. App. 27.

D'ANCONA & PFLAUM, for appellant.

BUSCH, LEESMAN & ROEMER, for appellees; JOHN JANKOWSKI, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from a decree enjoining defendant from maintaining an overhead bridge or conveyor in the alley between 17th and 18th streets in Chicago.

Defendant owns and operates brewery buildings on both sides of the alley which runs from Lincoln street on the east to Robey street on the west, in the block bounded by West 17th street on the north and West 18th street on the south. Its main building is on the lot south of the alley and another building is on the north side of the alley. Under authority of an ordinance passed June 14, 1918, by the City Council of the City of Chicago, it constructed an overhead bridge running diagonally across the alley connecting the second floors of these buildings. This bridge or conveyor is an iron structure four feet wide, eight feet high and twenty-three feet above the ground, is completely inclosed and contains a conveyor consisting of rails and rollers. The complainants own the premises on the north side of the alley fronting on West 17th street and next to the brewery property on that street. This lot is improved with a two-story dwelling house on the front or north end of the lot, while on the rear is a two-story frame building with a brick basement. In this rear building were four windows looking to the south, overlooking the alley, and the conveyor erected by the defendant ran about ten feet above the two lower windows and nearly opposite to the two upper windows at about five and ten feet, respectively, from these. A witness testified that, when operating, the conveyor, inside the bridge made "an awful noise."

The master in chancery to whom the cause was referred found that complainants owned to the center of said alley, abutting their lot, in fee simple, subject only to an easement of the public for passage; that said conveyor or bridge is located in part upon the property of complainants; that in constructing the same defendant was guilty of a continuing trespass upon the fee of complainants as owners of half of the alley; also that the complainants had a special and particular interest in the building of this bridge and suffered special damages thereby, not suffered by the general public, and that it interfered with their easement of light, air and view, to which they were entitled; that the same was constructed without the consent of complainants and that the City of Chicago was without warrant or authority to permit the bridge across said alley. The master found that the continued existence of the bridge or conveyor across said alley would cause irreparable damages to the complainants and recommended that the defendant be perpetually enjoined from maintaining said structure or any part thereof over the half of the alley adjoining the premises of complainants. The decree was entered accordingly.

To prove that complainants owned the fee in half of the alley opposite their lot complainants sought to introduce a copy of a plat of the subdivision in which the property in question was located, showing that this so-called alley is not designated as an alley on said plat. As the basis for the introduction of a copy of the plat, complainants offered an affidavit pursuant to paragraph 37 of the Conveyances Act, ch. 30, Cahill's Ill. St. This provides that such affidavits are "to be filed in said cause." These affidavits were filed with the master, but defendant asserts that they should have been filed in the office of the clerk of the court. We find no authority for this claim. The statute says they shall be filed "upon the trial of any

cause." *Spitzer v. Schlatt,* 249 Ill. 416, indicates that upon a second trial another affidavit must be filed, which would not be true of a pleading filed with the clerk.

The purpose of the affidavit is to furnish a basis for a ruling by the master on the admissibility of secondary evidence, and in reason he was the proper party with whom the affidavits should be filed. They were subsequently filed with the clerk of the court with the master's report, thus properly becoming part of the record.

A further bar to consideration of this objection is that defendant, upon the hearing, failed to specify the ground of his objection or include this in his objections to the master's report, and there is no specific assignment of error thereon.

The decree is amply supported by the evidence. The findings of fact by the master were based upon evidence about which there is virtually no dispute. Complainants were properly found to be the owners of the fee in half of the alley adjoining their premises. *McMahon v. Borland,* 262 Ill. 375. The location and presence of defendant's bridge or conveyor so clearly constituted a trespass upon complainants' property as to entitle them to the injunctional relief prayed for in their bill.

A lot owner has a natural easement of air, light and view in the street or alley on which he abuts. *Barber v. Allen,* 212 Ill. 125; *Barnard v. City of Chicago,* 270 Ill. 31; *Fleming v. Elgin J. & E. Ry. Co.,* 275 Ill. 491. In *Burrall v. American Tel. & Tel. Co.,* 224 Ill. 268, it was held that the maintenance of telephone lines on a public highway is an additional burden upon the fee which equity has jurisdiction to prevent by an injunction. Even if complainants did not own the fee in the alley, they were directly and specially injured by the conveyor and were entitled to have it removed. *Stephens v. Chicago, B. & Q. R. Co.,* 303 Ill. 52.

Although in other jurisdictions it may have been

held that under similar circumstances complainants have an adequate remedy in an action of ejectment (*St. Columba's Church v. North Jersey St. Ry. Co.* [N. J. Eq.], 70 Atl. 692), in this State it is established that equity will grant injunctional relief under such circumstances. *Stephens v. Chicago, B. & Q. R. Co.*, 303 Ill. 52; *Moore v. Gar Creek Drain. Dist.*, 266 Ill. 404; *Burrall v. American Tel. & Tel. Co.*, 224 Ill. 268, and many other cases might be cited.

Complainants were not barred from relief by alleged laches. Defendant was not misled by complainants into building the bridge nor did it act in ignorance of the facts nor believe that it had any title to the alley. It has not changed its position in any way upon the reliance on any act of complainants, and there is nothing to prevent the enforcement of complainants' rights. *Peabody v. Burri*, 255 Ill. 603; *Stowell v. Lynch*, 269 Ill. 449. As complainants own the fee in the alley, nothing less than the expiration of the statutory period of limitation in asserting rights to land would bar the owners' rights unless the delays are accompanied by some other element which rendered it inequitable to permit the assertion of title. Nothing of this sort is found in the record before us. *Kent v. Barger*, 264 Ill. 62; *Hinds v. Surbeck*, 260 Ill. 611; *Lynn v. Worthington*, 266 Ill. 419.

A further answer to the claim of laches is that defendant did not invoke this defense by a demurrer or plea or answer, and it is therefore waived. *Woodall v. Peden*, 274 Ill. 301.

The record abundantly justified the exercise of the equity powers of the court to enjoin the maintenance of defendant's structure over the alley, and the proceedings and decree are in accord with established precedent in like causes.

The decree is affirmed.

*Affirmed.*

Matchett and Johnston, JJ., concur.