(No. 25143.—

CHARLES H. ALBERS, Receiver, Appellee, *vs.* THE CENTRAL REPUBLIC BANK AND TRUST COMPANY *et al.*—(JOHN H. TAFT *et al.* Appellants.)

*Opinion filed June 19, 1939—Rehearing denied October 4, 1939.*

FREDERICK A. BROWN, (DAVID A. CANEL, and DANIEL F. KEMP, of counsel,) for appellants.

MARKMAN, DONOVAN & SULLIVAN, (CHARLES E. LOY, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Charles H. Albers is the receiver of Phillip State Bank and Trust Company (hereafter referred to as the Phillip

bank) and filed a suit for partition of a certain residence property in Cook county, alleging he owned a half interest as tenant in common with appellant Eva A. Taft. The Phillip bank, in 1931, acquired certain assets by assignment from the Illinois State Bank of Evanston (hereafter referred to as the Illinois bank) in consideration of assuming all the deposit liabilities of the latter. Among the assets so obtained was a note signed by Frank Durham and appellant John H. Taft, on which a judgment was obtained in the sum of $23,000.76. Execution was issued against John H. Taft, who was co-tenant with Eva A. Taft, and his half interest was sold and bid in by the receiver of the Phillip bank for the sum of $4500, and when the period of redemption had expired a sheriff's deed was delivered to appellee.

The appellants, Eva A. Taft and John H. Taft, answered. The effect of the answer of Eva A. Taft is that appellee, by reason of certain matters set up in the answer, is not the owner of a half interest in said premises and is, therefore, not entitled to partition. The effect of the answer of appellant John H. Taft is not only to the effect that appellee did not own a half interest in the property but that said interest in equity is the property of the Illinois bank, and by reason of other matters alleged in said answer is subject to being equitably applied in discharging certain debts claimed to be owing by the Illinois bank to appellant John H. Taft.

Upon motion the answer and amended answer of appellants were stricken and a decree of partition entered. The jurisdiction of this court is questioned because it is claimed a freehold is not involved.

Where an appeal in a partition suit involves only questions of accounting, liens upon shares of tenants in common, or other questions not involving a freehold, the appeal should be taken to the Appellate Court, but where the title of some of the parties is challenged or an assignment

of error questions the right of partition, the appeal must be taken directly to the Supreme Court. (*Hasterlik v. Hasterlik,* 316 Ill. 72; *Schwartz v. Ritter,* 186 id. 209.) Since the title and ownership of appellee was challenged in the answer of appellants, a freehold is involved, requiring a direct appeal to this court.

The real controversy in this case grows out of the claim of appellant John H. Taft. In 1931, he was an officer of the Illinois bank which, by written agreement dated July 24, 1931, assigned and transferred to the Phillip bank all of its assets, with the additional sum of $94,000 contributed by stockholders of the Illinois bank, including John H. Taft. The contract between the banks, provided substantially as follows: That the Illinois bank transferred, assigned and sold all of its assets to the Phillip bank; that the Phillip bank unconditionally agreed to pay all deposit and other liabilities of the Illinois bank, other than liability to stockholders; that the $94,000 was to be treated as a part of the assets turned over by the Illinois bank; that the Phillip bank was entitled to interest on the unpaid deposit liability, reimbursement for out-of-pocket money and for certain commissions; the Phillip bank was to liquidate all assets and when it received the entire amount due it in cash by liquidation, or by taking other assets at face or market value, it was to continue to liquidate the assets and such excess sum was to be held in trust for the stockholders of the Illinois bank. There were also certain provisions for the manner of liquidation and the covenant that the Illinois bank would liquidate and surrender its charter and that the rights of the stockholders as to any excess that might remain after discharging all the bank liabilities should be preserved for settlement among themselves.

The answer alleges that liquidation was carried on by the Phillip bank and that it had collected more than sufficient money to pay off the liabilities of the Illinois bank and that there was equitably due to the Illinois bank a large

sum of money as shown by the copy of a bill for accounting filed by the Illinois bank against the Phillip bank in a separate proceeding. The answer further alleges that since John H. Taft advanced large sums of money to the Illinois bank prior to its making the assignment, it should be made a party to this partition proceeding so that a determination can be made of what sums, if any, the Phillip bank owes it, and if such indebtedness is found to exist, to decree that the half interest in the real estate involved in this case be adjudged the property of the Illinois bank, and then appellant John H. Taft be permitted to have his equities determined as between himself and the Illinois bank, and the title to the property in question transferred to him in whole or part satisfaction of his claim against the Illinois bank. It is the claim of appellants that these facts show that the Phillip bank had no title upon which it might bring partition of the premises.

The contract was between the banks. The principal object was to have the deposit liabilities of the Illinois bank paid. The latter transferred to the Phillip bank all of its assets, real and personal, including the money contributed by the stockholders. The Phillip bank agreed unconditionally to pay the deposit liabilities and the Illinois bank agreed to cease business. There is no mention of a trust relationship to the Illinois bank but only to the stockholders of the Illinois bank.

There is no mortgage relationship between the Phillip bank and the Illinois bank because the latter does not agree to pay a debt to the Phillip bank (*Crane* v. *Chandler,* 190 Ill. 584; *McCormick* v. *Chicago Yacht Club,* 331 id. 514;) but deposits assets out of which its debts may be paid, which are further secured by the unconditional promise of the Phillip bank. But for this last promise the arrangement would be in the nature of a trust for the benefit of creditors. (Perry on Trusts, (7th ed.) sec. 585, *et seq.*) With respect to such contracts and the powers thereunder it is said

"such powers are created by, and exist in the deeds, and of course they exist in the terms by which they are created, and in no others. They are to be exercised by the trustees *in pais.* They are wholly matters of convention and contract between the parties, and not of law or jurisdiction. They can be exercised because they are conferred by one party upon another, and not because the law or the courts have conferred or authorized them." Perry on Trusts, (7th ed.) sec. 602-g.

Under the contract a trust provision for the benefit of the stockholders only arose when the Phillip bank had been fully reimbursed, as shown by this language: "If and when Phillip shall receive, under the terms of this agreement, the entire amount due \* \* \* [the assets shall] then continue to be liquidated by Phillip but notwithstanding the sale thereof made shall thereafter be held in trust for the stockholders of Illinois," etc.

Clearly the contract intends the Phillip bank to first liquidate all assets, and after the creditors of the Illinois bank are fully paid, and the Phillip bank reimbursed as provided in the contract, the remainder of the fund is for the benefit of the stockholders. Nevertheless the Phillip bank had absolute title to the assets and right of disposal thereof. *Randolph* v. *Hinck,* 288 Ill. 99, 104; *Walton* v. *Follansbee,* 131 id. 147.

The Phillip bank, exercising its rights under the contract, liquidated a debt owing by appellant John H. Taft to the Illinois bank, and, by execution sale, obtained the undivided one-half of a tract of real estate. It was still under obligation to reduce all assets to money and for this purpose had a right to resort to partition and thereby either obtain title to a separate tract that it might sell, or obtain money from a partition sale.

Neither the Illinois bank nor the stockholders are entitled to specific property, but only to surplus proceeds of property, and it therefore follows that the Phillip bank is

doing what it has a right to do in carrying out the terms òf the contract. The stockholders are not objecting. Nor does it appear that appellant John H. Taft has any right against the stockholders. The Illinois bank has not been shown to have any right to object, and, therefore, any claim that John H. Taft might have through the Illinois bank necessarily fails. Assuming, however, the Illinois bank at some time may have an interest in the property involved, it has been frequently held that in partition suits adverse claimants and holders of title hostile to the tenants in common are not necessary parties to the suit. (*Miller* v. *Miller*, 263 Ill. 18; *Gage* v. *Lee*, 309 id. 614.) As pointed out above, no cause of action has been alleged in the Illinois bank against the Phillip bank, nor in John H. Taft as a claimant against the Illinois bank.

The point that the receiver of the Phillip bank was without authority to bring this suit is without merit since the liability to pay the deposits of the Illinois bank, under the contract, became its own and it was disposing of property to which it had legal title and which should properly be liquidated by its own receiver. Any debt arising out of such contract can be presented to the receiver. It is not acting as a trustee within the meaning of section 11 of the Banking act involved in *People* v. *West Side Trust and Savings Bank*, 362 Ill. 607. The answer of the appellants does not show any lack of ownership of the property involved which would bar appellee from filing a suit for partition.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*