| 87 | 115 |
| 125 | 474 |
| 87 | 115 |
| 177 | 206 |
| 87 | 115 |
| 182 | 318 |
| 87 | 115 |
| 89a | 217 |

WILLIAM HEARSON *et al.*

*v.*

CARLETON P. GRAUDINE.

1. JUDICIAL NOTICE—*courts in Chicago.* The Supreme Court will take judicial notice of the fact that a number of courts of original jurisdiction are held in the city of Chicago in as many different rooms.

2. EVIDENCE—*declaration of payee of note as to time of assignment.* In an action upon a promissory note by an assignee, upon the question whether the assignment was before or after the maturity of the note, the mere declaration

of the payee tending to show when the assignment was in fact made, would not be competent evidence to overcome the presumption that the plaintiff obtained the note before maturity.

3. PRACTICE—*vacating judgment and granting new trial at subsequent term.* The entry of á motion for a new trial during the term at which a judgment has been entered will operate to stay the final judgment until the motion can be heard by the court, and it makes no difference whether the motion shall be, considered and determined at that or some subsequent term.

4. PRACTICE *in Superior Court of Cook county—trial of causes in the absence of counsel.* A rule of the Superior Court of Cook county provided that if, on the calling of a cause for trial, the principal attorney was actually engaged in the trial of a cause in another court, the case might be passed for the time, provided the party asking the delay be shown to have used due diligence in preparing for trial, and, if the delay was sought by the defendant, that it should also appear by affidavit that he had a meritorious defense, setting forth what it was. This rule is so construed that a party was allowed to come in and make his defense after the cause had been tried and judgment rendered against him while his counsel was engaged in another court, without having shown diligence or a meritorious defense, at the time the delay was sought, it appearing subsequently, however, on an application for a new trial, that the party had a meritorious defense, and was guilty of no fault himself in respect to the matter of the delay sought.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. S. K. DOW, for the appellants.

Messrs. MCCAGG, CULVER & BUTLER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought on a promissory note, made by defendants to James H. Scott, and by him assigned to plaintiff. With the general issue notice was given that defendants would prove, on the trial, facts showing a failure of consideration, and that the note had been assigned to plaintiff after it became due, and that he took it with full knowledge of the defenses that existed.

It is recited in the record, that both parties appeared by themselves and counsel, and that a trial was had before a jury, which resulted in a verdict for plaintiff. The bill of excep-

tions, however, shows the cause was tried in the absence of counsel for defendants. A motion for a new trial was made, on the ground defendants were unable to make their defense to the action, on account of the absence of counsel employed by them, and upon whom they had confidently relied to present it for them. Affidavits were filed in support of the motion, from which it appears, that when the cause was called defendants' counsel, whom they had employed, was engaged in the United States Court in arguing a preliminary motion in a cause pending in that court.

We must take judicial notice that a number of courts of original jurisdiction are held in the city of Chicago in as many different rooms, and as they may all be in session at the same time, much difficulty may be experienced by counsel having business in the various courts. As a means of providing against the difficulties arising out of the fact the same counsel may have cases coming on to be heard at the same hour in more than one of these courts, a rule has been adopted, which provides that "when the principal attorney is sick or actually engaged in the trial of a cause in some other court at the same time the cause is called for trial, and the adverse party is ready for trial, the court will pass the cause for the time, without prejudice, in all cases where it appears, by affidavit or otherwise, that the party seeking the delay has used due diligence to be ready for trial, and would have been ready but for the sickness, absence or engagement of his attorney; but where the delay is at the instance of the defendant, it shall also appear, by affidavit, that there is a meritorious defense to the suit, and setting forth in what it consists—in which case the cause may be delayed or continued, as the court shall direct." It is not claimed there had been any compliance with this rule, so as to entitle the party asking it to have the cause delayed on account of the absence of counsel. All that was done was to notify the judge presiding, by note, and perhaps otherwise, that counsel was then employed professionally in another court. It was defendants that desired delay, and no

affidavit was filed showing they had a meritorious defense to the action, setting forth in what it consisted. No doubt, this rule was adopted for the convenience of attorneys practicing in the several courts, that they might be able to attend to the causes of their constituents although pending in different courts, and for that purpose it may be as good a one as could be adopted; but it ought not to be so construed as to deprive a party of a meritorious defense, if he may have one, to an action against him, as, in this case, a defendant might not be able to learn that his counsel, to whom he had intrusted the preparation and management of his defense, would be elsewhere professionally engaged when his cause would be called. After learning that fact, no time might remain to secure other counsel. Such party would be deprived of his defense, and his remedy, if any, would be against his attorney for neglecting his engagement. The fact counsel was absent, was no fault of defendants. It is the same to them as though their attorney had been detained by inevitable accident; and where a party has a meritorious defense to an action against him, and is deprived of the privilege of making it, on account of the unexpected absence of his attorney, without fault on his part, it is but just, if he makes his application in time, to permit him to make his defense, on such terms as shall appear to the court to be equitable. Any other rule might work very grave hardships, and, it may be, injuries, for which the law, in many instances, would afford no sufficient remedy. In the case at bar, defendants omitted no duty, and were diligent in preparing to make their defense. One of them was in court, was ready for trial had his attorney been present, and he made every possible effort to get him in court. Within a half an hour after the case was called, his attorney came into court, and asked to be permitted to try the cause, but was denied that privilege. Every one against whom an action is pending, is entitled to his day in court, where he may be heard in his defense, by himself and counsel, and when he diligently seeks it, he ought not to be debarred of the right. The pretext for

not affording defendants an opportunity, in this case, to make their defense to the action against them, was, that their attorney had failed to comply with a rule of court of which they had never heard, and the effect of which they had no means of avoiding had they known of its existence. It is manifest this rule was adopted for the convenience of counsel, as a means of obtaining indulgencies, in cases of emergency, that they could not always secure as a matter of courtesy. It is obligatory upon them, but ought not to be so construed as to do injustice to parties litigant who have been guilty of no infraction.

Affidavits filed show defendants have a meritorious defense to the action against them, and it was competent for them to make it under the notice filed with the general issue. Under our statute, such notice stands in the place of a special plea. It may be defendants would not be permitted to prove by the witness Smith the declarations of the payee of the note concerning the assignment to plaintiff. His mere declaration tending to show when the assignment was, in fact, made, would not be competent evidence to overcome the presumption plaintiff obtained the note before maturity; but it is apprehended, under our practice, it would be competent to call the payee, and prove by him, as by any other witness, the date of the assignment. That, defendants allege in their affidavit they can do. They distinctly declare they expect to prove the assignment was made after the maturity of the note; and, at most, the assignment was colorable, the ownership all the while remaining in the payee, which would enable them to produce other evidence, which they allege they have, to show a failure of the consideration of the note.

It is said it is an insuperable objection to reversing the action of the court below, that no new trial was, in fact, granted at the term at which the cause was tried. The case was tried on the 1st day of February, which was a day of the January term. A formal motion, in writing, for a new trial was made on the 5th day of the month, which was the last

day of the January term of court, and the cause continued to the succeeding February term, when, on the 7th day of the month, being the first day of that term, the motion was overruled.

In the 56th section of the Practice act it is provided, "if either party may wish to except to the verdict, or, for other causes, to move for a new trial, or in arrest of judgment, he shall, before final judgment be entered, or during the term it is entered, by himself or counsel, file the points in writing, particularly specifying the grounds of such motion, and final judgment shall thereupon be stayed until such motion can be heard by the court." Conformably to the statute, a motion, in writing, specifying the grounds for a new trial, was made during the term at which the judgment was entered, and when that is done, the provision is absolute, "final judgment" shall be stayed until the motion can be heard by the court, and it can make no difference whether it is at that or some succeeding term of court.

Counsel seem to be under the impression it is the 39th section of the Practice act that controls the case at bar. That section invests courts with a "discretion," before "final judgment" in a cause, to set aside any default, and, during the term, to set aside any judgment, for good cause shown, upon terms deemed equitable. It will be observed that, where the errors specified in the motion in writing for a new trial have intervened under the 56th section, the new trial is to be granted "as of right;" while in the 39th section the setting aside "any default" or "judgment" at "the term" is in the "discretion" of the court. Of course a sound legal "discretion" is meant, and any abuse of such "discretion" is reviewable in an appellate court, as any other error committed that works palpable injustice.

Assuming the 39th section is the one that controls, the argument is, "final judgment" was rendered at the previous term, and that having closed, the court ceased to have any jurisdiction over the parties or the subject matter of the suit;

but it is erroneous because it is based on a fallacious view of the effect of the motion for a new trial entered at the former term. There could be no "final judgment," in the technical sense, until that motion was determined. Construing both sections of the Practice act together, as is our duty to do, we think that is the plain meaning of the statute. The cause being continued, the court retains jurisdiction. Any other construction might work great hardships. Where a party has entered a motion for a new trial during the term at which the cause was tried, he is powerless to do more. He has no means of compelling the court to act upon it. On account of want of time, press of business, or sudden sickness of the judge presiding, or other cause, the court may continue the motion as any other cause is continued, and still retain all the jurisdiction it had at the previous term of court.

But it is not necessary to consider this as a new question. The Practice act, in this regard, has been the subject of frequent consideration in this court, and with the single exception, as in the case of *Nat. Ins. Co.* v. *Chamber of Commerce*, 69 Ill. 22, it has always received the construction here given to it. What was said in that case on this subject, was concurred in without sufficient reflection, is inconsistent with previous and subsequent cases, and must be made to conform to the better reasoning of other cases in this court construing this and other statutes analogous in principle. *Windett* v. *Hamilton,* 52 Ill. 180; *Toledo, Peoria and Warsaw Ry. Co.* v. *Eastburn,* 79 id. 140; *Combs* v. *Steele,* 80 id. 101; *Hibbard* v. *Mueller,* 86 id. 256.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*