Thomas E. Grubb, Defendant in Error, v. William H. Milan, Plaintiff in Error.

## Gen. No. 15,327.

1. MUNICIPAL COURT—*jurisdiction to allow bill of exceptions.* While the Municipal Court is powerless to allow a bill of exceptions as to occurrences·antecedent to the judgment rendered by it, yet where a motion to vacate such judgment is interposed it is proper for such court to allow a bill of exceptions embodying the proceedings upon such motion not contained in the common law record.

2. MUNICIPAL COURT—*when loses jurisdiction to sign bill of exceptions.* The Municipal Court has no power after the expiration of sixty days from the date of the final order or judgment to sign a bill of exceptions and a motion to vacate a judgment of the Municipal Court does not suspend or arrest the operation of the judgment.

3. JUDGMENT—*what reached by motion to vacate.* A motion to vacate a judgment bears no analogy to a motion for new trial but relates to matters occurring subsequent to the trial and is in its effect confined to the mode or method of entering the judgment and the means by which that final order was brought about.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 20, 1910.

C. S. BEATTIE, for plaintiff in error; EDMUND W. BURKE, of counsel.

WILLIAM A. DOYLE and JOSEPH J. THOMPSON, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

In the trial· of this case in the Municipal Court before a jury a verdict was rendered in favor of the plaintiff and against the defendant for $7,600, and after overruling a motion for a new trial the court, on June 15, 1908, entered a judgment for the amount of the verdict. Defendant thereafter filed a motion to vacate the judgment. This motion was continued numerous times and finally disposed of on October the eighth following by the court's denying the motion. On

that day an order was entered allowing defendant sixty days in which to file a bill of exceptions. What is claimed to be the bill of exceptions the record discloses was signed by the trial judge December 5, 1908.

The record recites that the court overruled defendant's motion for a new trial after hearing the argument of counsel. The motion for a new trial was not in writing, and an examination of the affidavit of defendant filed by him in support of his motion to vacate the judgment relates solely to matters which might have been urged upon the court as reasons for granting a new trial. No reason is assigned and no contention urged against the regularity of the court's action in entering the judgment. Counsel for plaintiff objected to the signing of the bill of exceptions by the court on the ground that the court had lost jurisdiction to sign any bill of exceptions in the cause. This contention, however, is not in its entirety well taken. While the court was powerless to allow a bill of exceptions as to occurrences antecedent to the judgment, yet the whole proceeding involved in the motion to vacate the judgment, not embodied in the common law record, was proper to preserve for review by a bill of exceptions to be signed by the trial judge within sixty days from the entry of the order denying that motion. There is no order in this record which in any manner operated to arrest the judgment from the day of its entry. Since then it has been and still is in full force. While in the motion to vacate the judgment it is stated as a reason for its vacation that the judgment was entered in the absence of defendant and his counsel, still there is no fact stated in the affidavit which attempts to excuse or even explain such absence, and as the hearing of the motion was by order of the court set for a fixed time, it was the duty of counsel then to attend. All the facts set forth in defendant's affidavit relate entirely to matters and things which might have constituted sufficient reasons to impel the trial judge to have granted a new trial had they been urged on the hearing of that motion. No error is pointed out either in the affidavit of defendant or in the brief of his counsel as intervening in the overruling of the

motion for a new trial or in the entry of the judgment. A motion to vacate a judgment bears no analogy to a motion for a new trial, but relates to matters occurring subsequent to the trial, and is in its effect confined to the mode or method of entering the judgment and the means by which that final order was brought about.

The judgment in this case was a final order and valid from the time of its entry, so that no bill of exceptions presented after sixty days from its entry could properly be entertained by the trial judge. That part of the bill of exceptions touching the motion to vacate the judgment discloses no reason why that motion should have been allowed, and it therefore follows that there is no error in the action of the court in denying it.

While there are no "terms" in the Municipal Court, the sixty day limitation in which a party may present and have signed his bill of exceptions has by analogy the same force and effect as to the finality of a judgment as the lapse of a term in the Circuit Court has upon the finality of judgments rendered in that Court. A motion for a new trial made after judgment but during the term in which it was entered, by force of the statute, arrests such judgment, and this is so even though the motion be not acted upon until a subsequent term of court. The judgment is the judgment of the term at which the motion for a new trial is overruled, and not of the term in which it was entered where within that term a motion for a new trial is interposed. Such is in effect decided in Hearson v. Graudine, 87 Ill. 115, also Finch v. Zenith Furnace Co., 245 Ill. 586, affirming this Court 46 Ill App. 257. But here the motion for a new trial was disposed of prior to the entry of the judgment, and the motion to vacate the judgment did not, like a motion for a new trial, suspend or arrest the operation of the judgment. People ex. rel. v. Gary, 105 ib. 264.

In Evans v. Fisher, 5 Gilm. 454, the court say: "A bill of exceptions should be reduced to form and signed during the term in which the cause is tried, except in cases where counsel consent or the judge by an entry on the record directs

that it may be prepared in vacation and signed *nunc pro tunc,*" and in commenting upon this language the court say in People ex rel. v. Gary, *supra,* "Of course what is meant by the expression 'the term in which the cause is tried,' is the term at which the final judgment is rendered in the cause." It is therefore clear that that part of the bill of exceptions, in this record, which contains the proceedings had at the trial of the cause, was improperly embodied in it and consequently is not reviewable by this court.

There being no errors well assigned on the common law record or the proceedings had subsequent to the judgment as disclosed by the bill of exceptions, the judgment of the Municipal Court must be and is affirmed.

*Affirmed.*