TALLANT, RESPONDENT, *v.* WHITRIGHT ET AL., APPEL-
LANTS.

(No. 4,720.)

(Submitted March 16, 1922. Decided April 5, 1922.)

[206 Pac. 347.]

*Trial—Illness of Counsel—Continuance—Refusal—Abuse of*
*Discretion.*

Trial—Illness of Counsel—Continuance—Refusal—Abuse of Discretion.
    1.  Defendants' counsel, the only member of a firm of attorneys
    conversant with the matters making up the defense, had been in-
    jured in a railway accident a short time prior to the date the cause
    was set for trial, and was subject to attacks of neuritis on account
    thereof. Notwithstanding his physical condition he was on the day
    of trial engaged in trying another action in an adjoining county
    which the other member of the firm for various reasons was unable
    to conduct without his assistance, and at the close of which the
    former intended, in obedience to the advice of his physician, to enter
    a hospital for treatment. *Held,* that under these circumstances re-
    fusal of a continuance was an abuse of discretion.
Same—Continuance—When Proper.
    2.  Where the fair inference from the record is that the enforced
    absence of counsel is due to illness, and due administration of justice
    requires a trial on the merits, a continuance should be allowed.
Same.
    3.  Ordinarily courts will more readily grant a continuance at the
    first term after the case is ready for trial than where previous de-
    lays have been occasioned at the instance of the movant.

*Appeal from District Court, Ravalli County, in the Fourth*
*Judicial District; J. J. Lynch, a Judge of the Second District,*
*presiding.*

SUIT by Frank E. Tallant against J. Gerry Whitright and
others. From judgment for plaintiff, defendants appeal. Re-
versed, with directions.

*Messrs. Madeen & Russell,* for Appellants, submitted a
brief; *Mr. Chas. A. Russell* argued the cause orally.

While it is the duty of the court to prevent unnecessary
delay in the trial of causes, yet it should not prejudice the
substantial rights of parties by forcing them to trial when

they cannot reasonably be expected to do full and complete justice to their case. (13 Corpus Juris, 126; *Wilks* v. *Phillips,* 37 Ga. 588; *Sun Ins. Office* v. *Steiger,* 129 Ky. 808, 112 S. W. 922; *Mangelsdorf Bros. Co.* v. *Harnden Seed Co.,* 132 Mo. App. 507, 112 S. W. 15; *Livingston* v. *Delafield,* 1 Caines (N. Y.), 6.) A continuance will be granted more readily in a court sitting at short intervals than in a court where the terms are less frequent. (13 Corpus Juris, 127; *Kimball* v. *Dunn,* 12 La. 445; *Smith* v. *New York Ins. Co.,* 1 N. Y. Super. Ct. 250.) Where the propriety of granting a continuance is debatable, courts are more inclined to continue at the instance of defendant than of plaintiff. (13 Corpus Juris, 127; *Harsh* v. *Hanauer,* 15 Ark. 252; *Lockhard* v. *Wolf,* 82 Ill. 37; *Lecesne* v. *Cottin,* 9 Mart. (La.) 454; see, also, *Jaffe* v. *Lilienthal,* 101 Cal. 175, 35 Pac. 636; *Betts Spring Co.* v. *Jardine Machinery Co.,* 23 Cal. App. 705, 139 Pac. 657; *Storer* v. *Heitfeld,* 17 Idaho, 113, 105 Pac. 55; *Luke* v. *Coffee,* 31 Nev. 165, 101 Pac. 555.)

*Messrs. O'Hara & Madeen,* for Respondent, submitted a brief; *Mr. Geo. C. Carmody,* of Counsel, argued the cause orally.

The case was set down for trial on the third day of November, 1919, without objection on part of the defendant, and no effort was made to have the setting vacated until the Saturday preceding the Monday upon which the case was set down for trial. Delay in making motion for continuance until near the time for trial has been considered material in determining whether a denial of the motion is proper. (*Nye* v. *Manley,* 69 Wash. 631, 125 Pac. 1009; *Neven* v. *Neven,* 38 Nev. 541, Ann. Cas. 1918B, 1083, 148 Pac. 354; *Mead* v. *Broads,* 21 Cal. App. 324, 131 Pac. 758; *Tiffin* v. *Cummings,* 144 Cal. 612, 78 Pac. 23; *Colorado Trad. & Trans. Co.* v. *Oliver,* 20 Colo. App. 257, 78 Pac. 308.) The fact that counsel is engaged in the trial of a case in another court at the time set for trial of the

case in question does not of itself necessarily entitle a party to a continuance. (*Berentz* v. *Belmont Oil Co.,* 148 Cal. 577, 113 Am. St. Rep. 308, 84 Pac. 47; *Adamek* v. *Plano Mfg. Co.,* 64 Minn. 304, 66 N. W. 981; *York* v. *Stewart,* 30 Mont. 363, 76 Pac. 755.)

MR. JUSTICE COOPER delivered the opinion of the court.

This is an action to foreclose a mortgage upon real estate. The defendants admit its execution, but, by way of affirmative defense, allege that the defendants J. Gerry Whitright and Eva C. Whitright were induced through fraudulent representations to execute and deliver to plaintiff the mortgage in suit. The reply denies the allegations of fraud. On November 3, 1919, the case was called and set for trial December 1. On November 29 defendants moved for a continuance over the term. The setting was vacated, and the case reset for December 4. On that date the defendants made a supplemental motion for another continuance. This was denied. Upon the proof adduced, the court rendered judgment of foreclosure, with costs. Defendants appeal. Their counsel contend that [1] the absence of the defendants J. Gerry Whitright and Eva C. Whitright from the state, the illness of the latter, her inability to attend the trial and the incapacity of Mr. Russell, one of their counsel, due to injuries received in a railway accident on September 18, furnished grounds enough to warrant the trial court in granting the last motion for a continuance. Respondent opposes this contention with the argument that, had defendants' counsel exercised due diligence, the deposition of Mrs. Whitright could have been taken and used upon the trial within her presence and that counsel's participation in the trial of another case at Missoula at and prior to December 4 did not furnish sufficient excuse to warrant a continuance.

Conceding the first of respondent's contentions, was the denial of a continuance an abuse of discretion? The evidence

in support of the motion is in the form of *ex parte* affidavits and certificates of physicians upon Mr. Russell's physical condition. The material facts are not seriously disputed. The testimony has to do with the extent of the injuries suffered by Mr. Russell, his subsequent physicial condition, the state of business of the firm of Russell & Madeen, and the circumstances showing the necessity for Mr. Russell's presence and assistance in the conduct of a trial in progress at Missoula on and before December 4.

Respondent's counsel devote much of their oral and printed argument to the proposition that if the defendant Eva C. Whitright was ill and unable to attend the trial it was a fact known to counsel long before December 4, and a condition which could have been met by the seasonable taking of her deposition for use upon the trial of the cause. Much less effort is made to meet the defendants' more serious contention that Mr. Russell's physicial disability, its effect upon the con-. duct of the business of the firm, the trial of cases committed to the care of the firm, and more particularly the trial of a case which began on December 1 and was in progress and unfinished at the time the present case was to be tried, sufficed to call for the exercise of the court's discretion in their favor.

The application was overruled, apparently, upon the ground that the excuses offered were not sufficient to justify another continuance. Of course, it would have worked some degree of hardship upon the plaintiff to continue the case after incurring the expense of traveling from the state of Minnesota to Hamilton, Montana, and of bringing his witnesses to court; and perhaps, under all the circumstances, the court might have imposed that expense upon the defendants as a condition for granting the continuance. Such hardships are frequently necessary incidents to even the best system of judicial procedure. But they do not always furnish the sole test for determining the merits of a motion to continue a cause. Having reached the issue to be tried, the plaintiff had the legal right

to insist upon a trial. That right was fundamental. Before
the trial could, with propriety, be postponed, it was incum-
bent upon defendants to show that their unreadiness was not
due to any negligent omission on their own part, or that of
their counsel. But when the circumstances exhibited are suf-
ficient to repel any presumption of negligence, and show a
reasonable excuse, by reason of the sudden illness of one of
the parties, of a material witness, or of counsel whose services
are necessary in the making of a substantial defense, a party
has not forfeited his right to defend a cause. Under all the
circumstances, it does appear that a meritorious showing for a
continuance of a trial is shown by the record, and that the
court did not give to the evidence the weight which was its
due.

The affidavits show the undisputed facts to be: That Mr.
Russell was the senior member of the law firm of Russell &
Madeen, attorneys for the defendants; that he was the only
person in the state with full knowledge of the matters making
up the defense; that on September 18 he was so seriously in-
jured in a railway accident that for some weeks thereafter he
was confined to his home in the care of a physician, and sub-
ject to frequent severe attacks of neuritis; that thereafter, and
up to and during the trial of a contested will case begun in
the district court at Missoula on December 1, he continued to
suffer from those injuries, but nevertheless, under the influence
of stimulants, took an active part in the trial of the cause;
that on the afternoon of December 3 he was scarcely able to
perform the work necessary to the preparation of affidavits
and other papers to support the motion for a continuance;
that upon the advice of his physicians he intended, at the close
of the trial in Missoula, to go to some hospital or hot springs
for treatment; that there were eleven or twelve witnesses still
to be examined in that case, with evident improbability that
the cause would be finished in time to permit him to conduct
the trial of this case at Hamilton the following day had he

been physically able to do so. The undenied statements in Mr. Madeen's affidavit were that he prepared the will then in contest, was a material witness, and for these reasons could not conduct the case without the aid and advice of Mr. Russell. From this and other testimony in the record, there was evidence sufficient to move the discretion of the court in favor of the motion. The case appears to have been set for trial at the first call of the calendar after issue joined, and there is no indication that it had been allowed to linger upon the docket or the trial delayed through any voluntary act of the defendants or their counsel. Ordinarily the court will more readily [2, 3] listen to an application for a postponement at the first term after the case is ready for trial than it would be in case previous delays had been occasioned at the instance of the movant. Where the fair inference from the record is that the enforced absence of counsel for the moving party on account of sickness is the ground of the motion, and that the due administration of justice requires a trial upon the merits, a continuance should be allowed. (Ann. Cas. 1913C, 431–434.)

Judgment reversed, with directions to the district court to set it aside upon such reasonable terms as may be just.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY, ASSOCIATE JUSTICES HOLLOWAY and GALEN, and HONORABLE H. H. EWING, District Judge, sitting in place of MR. JUSTICE REYNOLDS, disqualified, concur.