## Crystal Lake Country Club, Appellee, v. Joseph P. Scanlan, Appellant.

### Gen. No. 35,470.

Opinion filed December 28, 1931.

DANIEL L. MADDEN, for appellant; ROY C. MERRICK, of counsel.

SAMUEL & FRANK, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, a country club, brought suit against defendant, an alleged member, for an assessment levied and for dues and current obligations. Defendant's affidavit of merits asserted that his membership had been terminated; that during the time he was a member all his dues and obligations were paid.

June 24, 1931, the case came on for trial before his honor, Judge Howard Hayes, in the municipal court, without a jury, and defendant being absent and not represented there was a finding and judgment against defendant for $310.20.

On the following day defendant filed a petition, supported by affidavits, asking that the judgment be vacated and the case set down for trial. Counsel for plaintiff filed a counter-affidavit. Thereupon the court denied the motion to vacate the judgment and from this order defendant appeals.

Counsel for defendant asked leave to file an answer to the counter-affidavit of the plaintiff, which leave was properly denied. No point, however, is made by defendant upon this ruling.

It is the well settled rule in such cases that parties seeking to have an *ex parte* judgment set aside must show due diligence. Plaintiff makes the point that defendant must also show in his petition or affidavit that he has a meritorious defense. This is the rule in cases where there is default for want of a plea. Where an affidavit of merits already filed shows a defense on the merits, it would be superfluous to repeat this in a petition to vacate a judgment. Defendant asserts that it was improper to permit plaintiff to file counter-affidavits, but such practice has long been approved. *Gilchrist Transportation Co. v. Northern Grain Co.*, 204 Ill. 510; *Kloepher v. Osborne,* 177 Ill. App. 384; *Mutual Life of Illinois v. Little,* 227 Ill. App. 436. It is improper, however, to receive counter-affidavits on the merits. They should go only to the question of diligence of the opposing counsel. *Elaborated Ready Roofing Co. v. Hunter,* 262 Ill. App. 380.

The substance of the petition and supporting affidavits to vacate the judgment is that on June 23, defendant's counsel was fully prepared and expected to try the case on the following day, but that at five o'clock p. m. June 23, he was called into a trial at the probate court and attended there and was instructed by the judge sitting in the probate court to present himself the following morning at 9:30 a. m., which he did, and continued in the trial before the probate court until 2 p. m., on the 24th; that his associate, Mr. Toomey, was also engaged before Judge Joseph Burke, beginning at 9:30 a. m. on June 24; that he instructed his clerk, John J. Madden, to attend to the call of the case of *Crystal Lake Country Club v. Scanlan,* before Judge Hayes, and to ask that it be continued until 2 p. m.,

when either he or Mr. Toomey would try it. John J. Madden says that he had two other cases before Judge Sonsteby in the municipal court the morning of June 24, to which he was obliged to give attention; that before going to Judge Sonsteby's court he checked the call before Judge Hayes and found that the *Crystal Lake Country Club* case was the sixth to the last on the call, and he estimated he would have sufficient time to attend the matters before Judge Sonsteby to enable him to return to Judge Hayes' court room before the case was called; that when he returned to Judge Hayes' court room he found the *ex parte* judgment against defendant, Scanlan, had already been entered.

The counter-affidavits assert that the case was originally set for trial for June 4, 1931; that the day before he had a talk with Mr. Madden, defendant's attorney, relative to a settlement; that he heard nothing from Mr. Madden and that on June 4, he appeared in court with his witnesses ready to try the case; that thereupon Mr. Madden conferred with plaintiff's attorney, pleading for a continuance, that he would make an effort to settle the case, and that thereupon affiant agreed to continue the case to June 24; that June 23 he informed an office assistant to Mr. Madden that the case would be ready for trial on the following day and that the witnesses would be present; that his witnesses were present on the following morning in the court room of Judge Hayes; that the case was called for trial; that on the first call there was no response for defendant; that the case was called a second time and there was no response for defendant; that on the second call he informed the court that he would remain there with his witnesses for a time, as he was anxious to try the case; that he remained in court until 11 a. m.; that upon request made by him the bailiff called several times for defendant's attorney and inquired if anyone

was in the court from Mr. Madden's office and no response was made.

From the foregoing it is obvious that defendant's failure to appear when the case was called for trial on the morning of the 24th was on account of the number of cases requiring the attention in court of defendant's counsel on that morning. Both Mr. Madden and Mr. Toomey were actually engaged in the trial of other cases and the clerk in their office was instructed to look after three other cases on the call that morning. While the clerk of defendant's attorney might be fairly criticized for not exercising the highest degree of diligence, yet we know as a matter of actual experience, in view of the large number of judges sitting in this county with their conflicting calls of cases, that it will frequently happen that even with the utmost diligence and attention there may be a failure of attorneys to be present when some matter in which they are interested is called. In the present case there was apparently no desire to avoid the trial and an earnest effort was made to so arrange the engagements for that day that defendant's counsel could be present to try the case. We are inclined to think that the situation called for the exercise of liberality with reference to the motion to vacate and not for a too critical attitude towards defendant's counsel. Upon condition that plaintiff's attorney be compensated for his time and services and also for the expenses incident to the attendance of plaintiff's witnesses, the court might well have vacated the judgment and set the case down for trial.

The case itself presents rather an interesting question, namely, whether an alleged member of a club organized for social or athletic purposes can be held liable for assessments and dues although he claims that under the by-laws his membership has been automatically terminated. A determination of this question involves questions of fact and of law and is important.

We therefore hold that under the circumstances the trial court should have vacated the judgment, imposing just and reasonable conditions upon the defendant's attorney.

The order is reversed and the cause remanded for further proceedings consistent with what we have said herein.

*Reversed and remanded.*

O'CONNOR, P. J., and MATCHETT, J., concur.