## In re Estate of Nellie Kelly, Deceased.
## Martin Carney, Appellant, v. Anna Quinn, Appellee.

### Gen. No. 38,045.

Opinion filed November 20, 1935.

PATRICK T. HARRINGTON, of Chicago, for appellant.

AUGUSTINE J. BOWE and WILLIAM J. BOWE, both of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an *ex parte* order entered in the circuit court, declaring the alleged will of Nellie Kelly, deceased, to be the last will and testament of said Nellie Kelly. The cause came to the circuit court on an appeal from the probate court. At the time of

the hearing in the circuit court on July 10, 1934, the attorney for Carney, the party objecting to the admission of the will, was not present in the court. Carney, the plaintiff, was present and asked for a continuance. The record shows that the trial judge notified his bailiff to call the office of the absent lawyer and waited for some time for him to appear; that thereafter the court proceeded with the trial and entered an order declaring the will to be the last will and testament of Nellie Kelly, deceased. The following day counsel for Carney filed a petition in the trial court in which he recited his reasons for not being present at the time of the hearing. The affidavit sets forth that on the 10th day of July, 1934, he was actually engaged in the trial of a case for the City of Chicago, entitled *Sophie Goldberg v. City of Chicago,* before his Honor, Judge Stanley Klarkowski, in which a jury was out and deliberating on its verdict; that thereafter he was actually engaged in the trial of a case for the City of Chicago, entitled *City of Chicago v. Berrara,* before his Honor, Judge McLaughlin in the circuit court of Cook county. The affidavit further shows that upon receiving notice that his case was reached for trial in Judge Trude's courtroom, and being notified to go to the courtroom immediately, he sought his superiors and received their permission to try the case; that within 20 minutes he arrived at Judge Trude's courtroom where he learned that the case had been called for trial and had been heard by the court and the appeal dismissed. He further sets forth in his affidavit that he has a defense to the admission of said instrument to probate.

Accompanying the said affidavit of the petitioning attorney, Patrick T. Harrington, is the joint affidavit of James Finn, Florence Blaney, Anna Gallagher and Margaret Arbogast, who were present when the said alleged will was signed. The affidavit sets forth that at the time of the making of the alleged will, Nellie

Kelly was lying in bed in the parlor of her home; that she had a very high fever; that she did not speak to anybody in their presence; that some person who represented himself to be a lawyer handed a paper to the sick woman and at the same time saying to her: "Ask him to sign it," meaning James Finn, one of the affiants. James Finn signed the paper and then walked into the dining room; that someone else wrote on the same paper signed by James Finn; that Finn was not told at the time he signed the paper that it was the last will and testament of Nellie Kelly, since deceased, nor were the other persons who were in the room told; that at the time Nellie Kelly, the deceased, signed her name she was not told in their presence that she was signing her last will and testament.

If the facts set forth in the petition and affidavits are true, and we must construe them as such, then a defense seriously contesting the validity of the said will appears.

We are inclined to believe that counsel for Carney showed due diligence. He was notified that the case had been reached for trial while he was actually engaged in a trial for his client, City of Chicago. His client Carney was in Judge Trude's courtroom and asked for a continuance. Within a short time after notice was received he appeared in Judge Trude's courtroom, but the case had been disposed of as heretofore stated.

In cases of this kind, in order to set aside an *ex parte* order, it is necessary to show due diligence and also that there is a meritorious defense. Harrington's affidavit showed that he was a very busy lawyer and actually engaged in the trial of a case in another courtroom. Another affidavit on its face appears to show a meritorious defense. In a large county with many courts functioning at the same time, it is sometimes difficult for counsel to be present promptly when his

case is actually reached for trial because of his engagements in some of the other courts. Of course, if the business pending in the courts is to be disposed of, it is necessary for the trial judge to diligently insist upon a hearing when cases are called before him for trial. While the lawyer for Carney did not appear promptly when the case was called for trial, still his client was present and sought a continuance. We believe that when the affidavits were filed the next day and showed a diligent effort to be ready for trial and also a meritorious defense, the order should have been vacated and the petitioner Carney given an opportunity to be heard on the merits of the cause. This court said in the case of *Crystal Lake Country Club v. Scanlan,* 264 Ill. App. 44:

"In the present case there was apparently no desire to avoid the trial and an earnest effort was made to, so arrange the engagements for that day that defendant's counsel could be present to try the case. We are inclined to think that the situation called for the exercise of liberality with reference to the motion to vacate and not for a too critical attitude towards defendant's counsel. Upon condition that plaintiff's attorney be compensated for his time and services and also for the expenses incident to the attendance of plaintiff's witnesses, the court might well have vacated the judgment and set the case down for trial."

We are of the opinion that in the furtherance of justice the trial court should have vacated the order.

For the reasons stated the order of the circuit court is reversed and the cause is remanded for a new trial.

*Order reversed and cause remanded.*

HALL, P. J., and HEBEL, J., concur.