In re Estate of Samuel H. Weiss, Deceased, Appellant,
v. Abe Berkovitz, Appellee.

Gen. No. 38,110.

Opinion filed November 20, 1935.

BERNARD J. BROWN, of Chicago, for appellant.

KAMFNER, HALLIGAN & MARKS, of Chicago, for appellee; SAMUEL M. LANOFF, of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order entered in the circuit court of Cook county, allowing the claim of Abe Berkovitz for $3,358.17, against the estate of Samuel H. Weiss, deceased, on an appeal from the probate

court of Cook county, where said claim had been disallowed. The above judgment was entered on an *ex parte* hearing under the following circumstances: .

When the case was reached for trial on the 13th day of November, 1934, as appears from the petition of the West Side Trust and Savings Bank, executor of the estate of Samuel H. Weiss, the attorney for the claimant and for the estate, represented to the court that Mr. Brown, the attorney for the defendant estate, was actually engaged in a matter before Judge McGoorty in the superior court; that at 2:45 p. m. on the said day an assistant to the attorney for the defendant represented to the court that he had an agreement with counsel for the estate that he would not proceed with a hearing of the cause until the disposition of the case before Judge McGoorty; that said assistant of the attorney for the plaintiff here, went to Judge McGoorty's courtroom and reported back that Mr. Brown was still actually engaged in a trial before Judge McGoorty. The court, however, directed the claimant to proceed with his case, which he did, and at the conclusion of his case Mr. Brown, the attorney for plaintiff here, came into the courtroom. The court asked that he cross-examine the witness which he declined to do as he had not heard the testimony in chief. It is further alleged in the affidavit that there is a good defense to the said claim in that said Abe Berkovitz has no valid claim against said estate.

A motion was made in this court to strike the additional transcript of record for the reason that it was filed after the time allowed by statute. The motion was reserved to the final hearing. Judgment was entered in the circuit court on the 14th day of November, 1934, and thereafter on the 10th day of December, 1934, the petition of the defendant was filed in which it is set forth that the attorney for the petitioner was actually engaged in another trial at the time judgment was

rendered; that counsel was unable to be present until after the evidence had been heard for the plaintiff and that petitioner has a complete defense to the said cause of action. The petitioner further asked that the judgment heretofore rendered and the allowance of said claim be vacated and set aside, which was on December 10, 1934, denied. From this order the appeal was prayed and perfected. Thereafter on April 22, 1935, some four months later, there was filed in the clerk's office a purported amended report of proceedings signed by the trial judge. The limit of time for filing the report of proceedings is fixed at 60 days or such further time as may be granted by order entered within the said 60 days. Section 36 Supreme Court Rules. No order was entered extending the time for the presentation of the report of proceedings.

The purported additional transcript of the record and the purported additional abstract of record in this court are hereby on motion of the plaintiff stricken at defendant's costs.

This leaves for consideration the sole question as to whether there was an abuse of discretion on the part of the trial judge in going to trial and hearing evidence in the unavoidable absence of counsel who was actually engaged in another court.

No denial is made that counsel for claimant agreed not to proceed until counsel for the estate had concluded the hearing before Judge McGoorty.

In order that the business of the courts may be disposed of, the vigilant efforts of the trial judge are required to insist on trial except where a continuance is justifiable.

Rule 26 of the circuit court provides:

"Rule 26. Passing Causes. Sec. 1. When, upon a cause being reached for trial, the sole attorney or solicitor of record or the attorney or solicitor specially charged with the trial is ill or actually engaged in the

trial of a cause in another Court, or another branch of this Court, the Court on motion will, in its discretion, pass the cause for the time being without prejudice, where there is made to appear to it by affidavit or otherwise:

"(a) The fact of such illness or engagement, and

"(b) The fact that the moving party has used due diligence to be ready for trial and would have been so ready but for the illness or engagement so appearing.

"In the exercise of its discretion the Court will at all times take into consideration the particular situation presented and the possibility of substantial injury being occasioned to the rights of the party by denial of the motion.

"Sec. 2. No cause will be passed a second time for either of the reasons above mentioned.

"Sec. 3. The foregoing provisions so far as applicable shall extend to and govern the passing of causes upon the law and chancery contested motion calendars and upon the calendar of motions for new trial."

We are fully aware that many times excuses are offered to the court that are without merit, but in the instant case the absent attorney was actually engaged in a trial in another courtroom and really wanted to try this case. We are of the opinion that it would be a nearer approximation of justice if the court would have so arranged his call that the lawyer for the estate could present his defense and be heard at a subsequent time. As this court said in the case of *Crystal Lake Country Club v. Scanlan,* 264 Ill. App. 44:

"In the present case there was apparently no desire to avoid the trial and an earnest effort was made to so arrange the engagements for that day that defendant's counsel could be present to try the case. We are inclined to think that the situation called for the exercise of liberality with reference to the motion to vacate and not for a too critical attitude towards defendant's

counsel. Upon condition that plaintiff's attorney be compensated for his time and services and also for the expenses incident to the attendance of plaintiff's witnesses, the court might well have vacated the judgment and set the case down for trial.''

For the reasons herein set forth the judgment of the circuit court is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

HALL, P. J., and HEBEL, J., concur.