George T. Adcock et al., Appellants, v. Joe Adcock et al., Appellees.

Gen. No. 10,363.

Opinion filed February 21, 1950. Released for publication March 13, 1950.

WOOD, MCNEAL & WARNER, of Moline, for appellants.

SAFFORD, KRITZER & FULTON, of Monmouth, for appellees.

MR. JUSTICE BRISTOW delivered the opinion of the court.

Plaintiffs, heirs-at-law of the testator, Stonewall J. Adcock, are appealing from a judgment of the circuit court of Warren county dismissing, for want of prosecution, their complaint to contest the decedent's purported will on the grounds of duress and mental incompetency.

The sole question presented herein is whether the trial court erred in dismissing the case for want of

prosecution where there had been one prior continuance, and plaintiffs' counsel was actually engaged on the day the cause was set for hearing in the trial of another case which he had endeavored, without avail, to have continued.

The facts appearing from the pleadings and affidavits are that the testator died on March 18, 1947, leaving an estate worth approximately $47,600, which he disposed of by a will designating persons other than heirs-at-law as beneficiaries, and referring to them as kin, although, they were in no way related to him. The testator's only heirs-at-law apparently were first cousins, 15 of which are plaintiffs herein, and the remaining four other cousins were designated as defendants along with five persons named as beneficiaries under the will. The will was prepared by one of defendants' attorneys.

The cause was originally set for hearing on October 6, 1948, but due to the absence of a material witness it was postponed for trial to December 6, 1948. It appears, however, that plaintiffs' attorney represented certain other clients who were defendants in an eminent domain proceeding instituted in the Rock Island county court on May 17, 1948. When the court in that proceeding announced, on November 15, 1948, that the trial would be set for November 29, plaintiffs' attorney immediately moved for a continuance of the eminent domain case, and alleged in his motion that the instant will contest had been set for trial on December 6 in Warren county; that opposing counsel herein objected to any continuance; that the eminent domain case would require at least three weeks for trial; and that no other member of his firm was familiar with the issues involved in either case.

The Rock Island county court denied that motion on November 22, 1948, on the ground that a proceeding under the Eminent Domain Act is a summary one, and that, if there were any delays, damage would re-

sult to the State, since some contracts had already been allowed. That cause, thereupon, proceeded to trial.

On December 2, when it was apparent that the case would still be in trial on December 6, plaintiffs' attorney informed the circuit judge presiding in the instant case of his inability to participate in the trial of the will contest on December 6, since the eminent domain proceeding in Rock Island would still be in progress. The circuit court judge reputedly stated, both to plaintiff George T. Adcock, and to his attorney, that a continuance would depend entirely upon the consent of defendants' counsel.

On December 3, defendants' attorney was apprised of the situation, and, on December 4, a formal motion for continuance, properly verified by affidavits setting forth the circumstances and conflicting trials, was filed by plaintiffs' attorney in the instant case. The motion was denied by the court on December 6 on the ground that the case, "by agreement of solicitors was specially set for December 6, 1948," and the court granted defendants' motion to dismiss the cause for want of prosecution, from which judgment plaintiffs have appealed.

In determining whether the circuit court erred in dismissing plaintiffs' complaint for want of prosecution, this court will examine the relevant statutory provisions and the rules promulgated thereunder, and analyze the precedent established by this and other jurisdictions, inasmuch as this issue has not received abundant attention or clarification in this State.

The relevant portions of par. 183 of the Civil Practice Act (ch. 110, Ill. Rev. Stats. 1947 [Jones Ill. Stats. Ann. 104.059]) provides:

"Additional time may be granted on good cause shown in the discretion of the court, and on such terms as may be just, for the doing of any act or the taking of any step or proceeding prior to judgment in any civil action. . . . The circumstances, terms and conditions under which continuances may be granted, the

time and manner in which application therefor shall be made and the effect thereof, shall be according to rules.''

The applicable rules prescribed by the Supreme Court do not set forth any arbitrary standards for the granting or denial of a motion for continuance. Par. 259.8, subpar. (5) [Jones Ill. Stats. Ann. 105.08, subpar. (5)] provides:

''The judge for good cause shown on special motion after notice to the opposite party may extend the time for putting in any pleading, or the doing of any act which is required by the rules to be done within a limited time, either before or after the expiration of the time.

In par. 259.14 [Jones Ill. Stats. Ann. 105.14] which specifically pertains to motions for continuances, and the practice thereon, it is provided:

''The court may on its own motion, or with the consent of the adverse party, continue a cause for trial to a later day.''

The following paragraph specifies:

''No motion for the continuance of a cause made after the cause has been reached for trial shall be heard unless a sufficient excuse is shown for the delay.''

Thus it appears that the Civil Practice Act and the Supreme Court Rules confer broad discretion upon the trial court in the allowance or denial of continuances. This discretion, however, must be exercised judiciously, and not arbitrarily or capriciously. A court should not refuse a continuance where the ends of justice clearly require it, and an abuse of discretion in so doing will justify a reversal. (*Hearson v. Graudine,* 87 Ill. 115, 112 A. L. R. 593, 594; *In re Estate of Weiss v. Berkovitz,* 282 Ill. App. 502; *Crystal Lake Country Club v. Scanlan,* 264 Ill. App. 44.)

In the early case of *Hearson v. Graudine, supra,* where the trial court refused a continuance and entered

judgment against the party whose counsel was engaged in another proceeding, the court stated, in reversing the decision, "Of course, a sound legal 'discretion' is meant, and any abuse of such discretion is reviewable in an appellate court as any other error committed that works palpable injustice." The court further stated that the fact that counsel was absent was no fault of defendant who should not be deprived of presenting his meritorious defense merely because his counsel was not present.

In determining whether there was a proper exercise of discretion in allowing or denying a continuance where counsel is not available for trial, courts have stressed certain factors. One of these factors is that counsel must actually be engaged in another case, and not merely anticipating it, in order to warrant a continuance. (*Culver v. Colehour,* 115 Ill. 558.) In the *Colehour* case the court, after waiting two full days for counsel, refused to continue the case further, unless it was shown that counsel was actually engaged at the time.

It has been held that a party to an action is not entitled, as a matter of absolute right, to a continuance on account of the absence of his counsel. (*Bunn v. People,* 103 Ill. App. 336.) In the case of (*Johnson v. Theodoron,* 324 Ill. 543, an affidavit for continuance was denied. Therein, the affidavit of counsel, who was a State senator, did not show that he was the only attorney employed to represent the appellant, or that he made special preparation to defend the particular action. Moreover, the case had been continued more than seven times, and had been specially set on succeeding Fridays on which there admittedly were no sessions of the assembly.

The determinative factor in the cases is, apparently, the degree of due diligence exercised by the party seeking the continuance. If the case has been pending over a long period and continued numerous

times, a denial of a further continuance has been sustained by the reviewing courts. (*Johnson v. Theodoron, supra; Spitzer v. Schlatt,* 249 Ill. 416; *O. S. Richardson Fueling Co. v. Seymour,* 235 Ill. 319; *People v. Zearing,* 305 Ill. 503.)

While courts are cognizant that continuances may be sought merely to delay the administration of justice, they have zealously guarded the right of a party to a day in court with counsel and a jury trial, where it has been conscientiously sought. (*Stephens v. Kasten,* 383 Ill. 127; *Modern Woodmen of America v. Floyd* (Tex. Civ. App.), 218 S. W. 1085; *In re Estate of Weiss v. Berkovitz, supra.*)

In *In re Estate of Weiss v. Berkovitz, supra,* the sole question was whether there was an abuse of discretion by the trial judge in denying a continuance and proceeding to trial in the absence of counsel, who was actually engaged in another court, and it was stated:

"We are fully aware that many times excuses are offered to the court that are without merit, but in the instant case the absent attorney was actually engaged in a trial in another courtroom, and really wanted to try the case. We are of the opinion that it would be a nearer approximation of justice if the court would have so arranged his call that the lawyer for the estate could present his defense and be heard at a subsequent time."

The court cited and quoted with approval *Crystal Lake Country Club v. Scanlan, supra,* wherein the court also reversed a decision denying a continuance when counsel was engaged in another court. The court therein stated, "We are inclined to think that the situation called for the exercise of liberality with reference to the motion to vacate, and not for a too critical attitude toward defendant's counsel."

The decisions of other jurisdictions are in accord with these Illinois cases. (*City of Birmingham v. Gools-*

*by,* 227 Ala. 421, 150 So. 322; *Tallant v. Whitright,* 63 Mont. 76, 206 Pac. 347.)

The comments and decisions in the aforementioned Illinois cases are particularly apropos herein, where plaintiffs' counsel exhibited due diligence, first, in endeavoring to have the eminent domain proceeding postponed when he perceived a possible conflict in the trials, secondly, in notifying the court and opposing counsel of his actual engagement in another proceeding, and finally, in presenting a proper motion for continuance supported by affidavits alleging the circumstances, in accordance with the rules, in due time prior to the trial date.

██ The fact that there had been one previous continuance clearly did not indicate an intention to delay the administration of justice. Nor would the fact that the case was set for trial by agreement estop a party from seeking a continuance for just cause. (*St. Louis & S. E. R. Co. v. Teters,* 68 Ill. 144; *Harde v. Purdy,* 115 N. Y. S. 92.) In the New York case the trial judge stated when the case was originally continued that it was understood that it would be tried on the new date ''at all events.'' However, on that date defendant's counsel submitted an affidavit that he was actually engaged in another trial. In reversing the order denying a continuance the Supreme Court stated:

''Setting a case down for trial peremptorily cannot deprive a party from having a postponement thereof, if he has legal excuse. In the case at bar the defendant had an excuse perfectly legal and universally recognized by trial justices. . . . The prior postponements did not materially affect the situation arising at the time the application for postponement was made . . . and the defendant was clearly entitled to the time asked for.''

██ In the instant case, not only was the continuance denied, but plaintiffs' cause was dismissed for

550

want of prosecution, and a further motion to reinstate the cause was denied. It is recognized that an element entering into the dismissal of a case for want of prosecution is lack of diligence in proceeding with the law suit (*O'Dea v. Throm,* 332 Ill. 89), and, as hereinbefore noted, that element was conspicuously absent in the case at bar. It would appear, therefore, that the trial court committed manifest error and abused its discretion in dismissing plaintiffs' cause of action herein and in denying their motion for a continuance.

It is our considered judgment, in the light of the foregoing analysis, that the judgment of the circuit court should be reversed and remanded with direction to reinstate plaintiffs' complaint and set the cause for hearing.

*Judgment reversed and remanded with directions.*