(No. 34649.—

Jo Ann Zimmerly Leathers, Appellant, *vs.* Jack O. Leathers, Appellee.

*Opinion filed March 20, 1958.*

Bristow, J., took no part.

Irwin, Deneke & Penner, of Chicago, for appellant.

Ehrlich and Cohn, and Kinne and Scovel, both of Chicago, (Aaron H. Cohn, of counsel,) for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

Plaintiff, Jo Ann Zimmerly Leathers, initially prosecuted an appeal to the Appellate Court of Illinois, First District, from a decree entered by the superior court of Cook County awarding defendant, Jack O. Leathers, a divorce from the plaintiff on his amended counterclaim charging adultery following a jury verdict finding plaintiff guilty of adultery. Upon defendant's motion this appeal was transferred to this court for the reason that the terms of the decree affect title to real estate thereby involving a freehold. This court therefore entertains jurisdiction of this appeal. *Ludwig* v. *Ludwig,* 413 Ill. 44.

Plaintiff's only contentions in urging reversal are that the lower court abused its discretion in overruling the plaintiff's petition for a continuance, and that the terms of the decree of divorce were improper and excessive.

Section 59 of the Civil Practice Act, (Ill. Rev. Stat. 1957, chap. 110, par. 59,) provides that on good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment, and that the circumstances, terms and conditions under which continuances may be granted, the time and manner in which application therefor shall be made, and the effect thereof, shall be according to rules. Paragraphs (5) and (6) of Supreme Court Rule No. 14 provide that the court may on its own motion, or with the consent of the adverse party, continue a cause for trial to a later day and that no motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay.

In determining whether the superior court erred in denying plaintiff's petition for a continuance, this court must apply the foregoing statutory provisions and the rules pro-

mulgated thereunder to the facts in this case, as each case must stand upon its separate state of facts. A review of the record shows that on June 28, 1956, the plaintiff filed her complaint for divorce charging cruelty, to which the defendant answered on July 23, 1956. On December 21, 1956, the defendant filed a counterclaim charging desertion. On February 26, 1957, defendant filed an amended and supplemental counterclaim charging adultery. On May 15, 1957, plaintiff filed an answer to the amended and supplemental counterclaim and a demand for jury trial, to which defendant replied on May 17, 1957. On May 25, 1957, plaintiff's attorneys served notice that they would appear before Judge Hershenson on May 27, 1957, and file their petition to withdraw as attorneys for plaintiff, which petition was allowed on the same day. On May 27, 1957, attorney Harold E. Penner, of the law firm of Irwin, Deneke and Penner, appeared in court on behalf of plaintiff, at which time, over his objections, the within cause was set for trial for June 10, 1957. On May 29, 1957, plaintiff filed her petition for a continuance of the trial until the September, 1957, term of court, setting forth the foregoing matters of record and also alleging that she had been advised by the court reporter who attended the taking of depositions that it would be impossible to have said depositions transcribed for a period of three weeks or more from date and that the depositions were necessary for the trial of this cause; that she had been advised by her present attorney that the record is voluminous, and evidentiary matters and depositions lengthy; that it would take more than three weeks from date for her attorney to prepare the case for trial; that his office schedule would not permit him to prepare the case for trial during the month of June, 1957; that he could only take the case and represent her upon the condition that the case be continued until the September, 1957, term of the court; and that other-

wise he would be compelled to withdraw his appearance. This petition was denied on May 29, 1957.

After a denial of the plaintiff's petition for a continuance the plaintiff left Illinois and went to the State of California, taking with her the minor children of the parties to this suit, and filed a complaint in a California court for custody of the children five days before the date set for the trial of this cause. On June 10, 1957, the date set for trial, the plaintiff filed a motion to dismiss her complaint without prejudice. The motion was verified by plaintiff's affidavit, stating that, based upon the advice of her physician, plaintiff moves to dismiss her complaint and requests that any action by the defendant "be postponed and continued until such time as affiant is able to find and select counsel, of which there is none of record at this time, and to then cooperate with counsel in the proper presentation of her case, and until such time as affiant's physicians advise her that the children and affiant have regained the emotional composure necessary for affiant to proceed." This motion, together with affidavit attached, was executed five days before in the State of California.

Plaintiff did not, either in person or by an attorney, appear in court June 10, 1957, to present this motion or to present a defense in the trial by jury which followed. It is upon this record that plaintiff asks for a reversal of the trial court's decree.

Plaintiff has cited a number of authorities relating to continuances. In *Adcock* v. *Adcock,* 339 Ill. App. 543, the court held the Civil Practice Act confers broad discretion upon the trial court in the allowance or denial of continuances but that this discretion must be exercised judiciously, and not arbitrarily or capriciously. That a court should not refuse a continuance where the ends of justice clearly require it, and an abuse of discretion in so doing will justify a reversal. (*Hearson* v. *Graudine,* 87 Ill. 115, 112

A.L.R. 593, 594; *In re Estate of Weiss* v. *Berkovitz,* 282 Ill. App. 502; *Crystal Lake Country Club* v. *Scanlan,* 264 Ill. App. 44.) The court further held that a continuance was improperly denied where counsel was engaged in another proceeding, and particularly where counsel endeavored to have the other proceeding postponed when he perceived a possible conflict in the trials. Nor would the fact that there had been one previous continuance or that the case was set for trial by agreement estop a party from seeking a continuance for just cause. (*St. Louis and Southeastern Railway Co.* v. *Teters,* 68 Ill. 144.) That the determinative fact in the cases is, apparently, the degree of due diligence exercised by the party seeking the continuance. If the case has been pending over a long period and continued numerous times, a denial of a further continuance has been sustained by the reviewing courts. *Johnson* v. *Theodoron,* 324 Ill. 543; *Spitzer* v. *Schlatt,* 249 Ill. 416.

Other authorities cited by plaintiff deal principally with cases in which counsel sought a continuance because engaged in another court. (*Crystal Lake County Club* v. *Scanlan,* 264 Ill. App. 44; *In re Estate of Weiss* v. *Berkovitz,* 282 Ill. App. 502; *Krupinski* v. *Denison,* 9 Ill. App.2d 155.) None of these cases are persuasive or controlling in the instant case.

The record discloses that the defendant's amended and supplemental counterclaim charging adultery was filed on February 26, 1957, which fully advised plaintiff what issues were to be tried. No answer was filed by plaintiff until three months later.

The motion for a continuance requested that the trial be delayed from June 10, 1957, to the September term of court. The only reason assigned for such a lengthy continuance was that it would be impossible for plaintiff's new counsel to be prepared and to be ready to proceed to trial within the 12 days then remaining after the time her orig-

inal counsel withdrew. Had this motion been allowed the trial of the case would have been delayed for at least another three months.

The further motion of plaintiff to dismiss her complaint, which was first called to the attention of the court on the day of trial and in which she states "she will proceed upon whatever action is deemed advisable by her physician upon the conclusion of her convalescence," could be given little consideration by any court when it appears that plaintiff had traveled to California, following the denial of the continuance on May 29, taking the minor children with her and there commencing an action for custody and support of the children in California while the same issues were involved in the present proceeding.

While courts have zealously guarded the right of a party to a day in court with counsel and a jury trial we are cognizant that continuances may be sought merely to delay the administration of justice. After a careful consideration of all the facts and circumstances we are of the opinion that the trial court did not abuse its discretion in denying the motion for continuance.

Plaintiff also contends that the decree of divorce, in its findings and provisions, contains conclusions, characterizations and penalties neither warranted by the record nor necessary or proper to the issues determined; and that the terms of the decree, absolute and total, are inequitable on their face. The record of the trial proceedings and the evidence presented is not before this court. In the absence of any record, the decree must be presumed to be correct in all its findings and adjudications.

The decree of the superior court of Cook County is affirmed.

*Decree affirmed.*

Mr. JUSTICE BRISTOW took no part in the consideration or decision of this case.